**Louis D. UDVARI, III, Plaintiff,**

v.

**The UNITED STATES, Defendant.**

**No. 91–1275C.**

United States Court of Federal Claims.

April 16, 1993.

---

Bernard J. Simbole, Arlington, VA, for plaintiff.

Virginia Lum and Hillary A. Stern, with whom was Sharon Y. Eubanks, Asst. Director, David M. Cohen, Director, Civil Div. U.S. Dept. of Justice, and Stuart M. Gerson, Asst. Atty. Gen., for defendant. Wade M. Plunkett, Office of Personnel Management, of counsel.

## OPINION

SMITH, Chief Judge.

The court feels compelled to note that this decision does not do justice. The government has not acted fairly toward its employees. It may well have acted unfairly toward a single employee based upon his union status, and it appears to have taken advantage of that employee because he believed that his superiors would deal fairly with him. They did not. If it were proper to toss the law aside and act upon the dictates of the judge's conscience, the opposite result would be rendered in this case. While that would make the judge feel good, it would be bad law. A judge must be governed, not by what he or she "feels" is right, but by what the law dictates. That is what a judge's oath is all about. It is sometimes unpleasant to issue such a decision. It requires some agonizing. In this case, it also involved urging the government to "do the right thing" and pay plaintiff what all the other employees were paid as a settlement. However, as the government has refused that action, the court is bound by the law to grant the government's motion to dismiss.

This case is before the court on defendant's first Motion to Partially Dismiss. In its motion, the government seeks to dismiss plaintiff's claims for overtime backpay for the period from October 15, 1985 through July 12, 1989 based upon the two-year statute of limitations in the Fair Labor Standards Act. The government also moved to dismiss plaintiff's claims for backpay from February 14, 1988 to July 12, 1991 because plaintiff had already received the backpay he sought for that time period. Plaintiff's response to the government's second motion to dismiss acknowledged receipt of the backpay for the period from February 1988 through July 1991. Accordingly, the sole issue before the court is whether plaintiff's claims from October 1985 through February 1988 are barred by the statute of limitations. Upon careful consideration of the parties' briefs, supporting documentation and arguments, the court must conclude that the claims are time barred.

## FACTS

Plaintiff, Louis D. Udvari, III, began his employment with the United States Secret Service in February 1973. In October 1985, he joined the Canine Division and was given custody of a dog. Plaintiff was responsible for transporting the dog to and from work and for the care of the dog during off-duty hours. For several years, plaintiff received no additional compensation for the off-duty care of his dog. In March 1988, however, plaintiff began receiving extra money in his paycheck. Not surprisingly, plaintiff did not challenge the extra income nor did his employer provide a written explanation for the increase in pay. In December 1989, plaintiff learned that several of his fellow canine officers had been given lump sum backpay from the Secret Service. Unlike plaintiff, the other officers belonged to a labor association and would not discuss the matter with plaintiff.

On March 13, 1991, plaintiff consulted an attorney and learned that he might have a claim under the Fair Labor Standards Act, 29 U.S.C. § 201 et seq. (FLSA), for time spent in the transportation and care of his dog during off-duty hours. Plaintiff's at-

torney gave him a copy of an unpublished order issued in *Amshey v. United States*, Claims Court No. 583–86C (August 14, 1989). In *Amshey*, pursuant to the joint stipulation of the parties, the court directed the United States to pay similarly situated canine officers lump sum compensation for the transportation and care of their dogs during off-duty hours.[1] On July 12, 1991, plaintiff filed his complaint with this court.

## DISCUSSION

Plaintiff seeks compensation under the FLSA for work performed during off-duty hours in connection with his employment with the United States Secret Service Canine Division. Defendant asserts that plaintiff's back pay claims for October 15, 1985 through February 14, 1988 are barred by the FLSA two-year statute of limitations. Under Section 255(a) of the FLSA:

Any action commenced on or after May 14, 1947, to enforce any cause of action for unpaid minimum wages, unpaid overtime compensation, or liquidated damages ...

(a) if the cause of action accrues on or after May 14, 1947—may be commenced within two years after the cause of action accrued, and every such action shall be forever barred unless commenced within two years after the cause of action accrued, except that a cause of action arising out of a willful violation may be commenced within three years after the cause of action accrued.

29 U.S.C. § 255(a). Plaintiff does not dispute that his July 12, 1991 claim against the government for actions occurring from October 1985 through February 14, 1988 falls outside the two-year statute of limitations imposed by Section 255. Thus, the court must determine whether the limitation may be tolled under the circumstances of this case.

Plaintiff argues that the statute of limitations should be tolled because he did not learn of his potential claim against the government until his March 13, 1991 consulta-

tion with his attorney. It was at that meeting where he became aware of the *Amshey* order which approved the parties' stipulation to a $750,000 payment to canine officers with claims identical to plaintiff's. However, plaintiff acknowledges that he learned in December 1989 that his fellow canine officers had received lump sum backpay checks from the government. Plaintiff also admits that he began receiving extra pay in March 1988 and heard rumors from other canine officers that this extra pay was for the off-duty care, feeding and grooming of the dogs. Plaintiff asserts, however, that no government official ever explained to him exactly what this extra pay represented.

In response, the government argues that plaintiff's claims accrued under Section 255 at the end of each pay period for which he was underpaid. Therefore, defendant contends that plaintiff's claims were clearly not filed within the required two-year period. Alternatively, the government asserts that the facts of this case do not justify tolling the statute of limitations. The court unfortunately must agree.

As a general rule, "a claim for unpaid overtime under the FLSA accrues at the end of each pay period when it is not paid." *Cook v. United States*, 855 F.2d 848, 851 (Fed.Cir.1988); *Beebe v. United States*, 640 F.2d 1283, 226 Ct.Cl. 308 (1981). Courts have recognized, however, that under certain circumstances equitable tolling of the statute of limitations is justified. *Japanese War Notes Claimants Ass'n v. United States*, 178 Ct.Cl. 630, 634, *cert. denied*, 389 U.S. 971, 88 S.Ct. 466, 19 L.Ed.2d 461 (1967). In order to justify tolling of the statute of limitations,

Plaintiff must either show that [the government] has concealed its acts with the result that plaintiff was unaware of their existence or [he] must show that [his] injury was "inherently unknowable" at the accrual date. An example of the latter would be when [the government] delivers the wrong type of fruit tree to

---

1. While *Amshey* involved plaintiff's co-workers in the canine division, the order itself was specifically limited to the "plaintiffs named in the stipulation...." *Id.* at 1. Thus, the order did not apply directly to plaintiff in this case.

the plaintiff and the wrong cannot be determined until the tree bears fruit. In this situation the statute will not begin to run until plaintiff learns or reasonably should have learned of his cause of action.

*Id.* (citations omitted).

These two required showings are not easily made and, as the Court of Claims noted in *Japanese War Notes*, "[i]gnorance of rights which should be known is not enough." *Id.* at 634. In fact, the policy considerations underlying statutes of limitations mandate that exceptions to them should rarely be created by courts. In *Braude v. United States*, 218 Ct.Cl. 270, 278, the court observed:

> The very nature of statutes of limitations is that they deny a claim regardless of its merit. This often seems unfair. But it is the judgment of those vested with the authority to make our laws that such statutes are necessary in order to insure prompt handling of claims and to prevent actions from being withheld until such time that the memories of witnesses and other types of evidence have become obscured or unavailable by the passage of time. Furthermore, the policy considerations behind such statutes contemplate that ignorance of rights which should have been known is not enough to toll their running.

*Id.* (emphasis added).

In the instant case, plaintiff does not argue that the government concealed its failure to pay him overtime. Thus, plaintiff must show that his cause of action was "inherently unknowable" to prevent dismissal of his claim. Accordingly, plaintiff argues that without the government giving actual written notice that he had a color-able claim against the United States, he could not have known of its existence. In support of this contention, plaintiff relies upon *Doyle v. United States*, 20 Cl.Ct. 495 (1990), *aff'd*, 931 F.2d 1546 (Fed.Cir.1991). In that case, however, neither the United States Claims Court nor the United States Court of Appeals for the Federal Circuit imposed an actual notice requirement on the government. Rather, in evaluating whether the circumstances of that case warranted equitable tolling of the two-year statute of limitations under the FLSA, the Claims Court merely noted that the plaintiffs "were clearly on actual notice of their potential claims" once the government issued a letter notifying them of their entitlement to backpay. Thus, the Claims Court held that the plaintiffs could not even credibly argue that the statute should have been tolled after that notice. *Doyle v. United States*, 20 Cl.Ct. at 495.

In affirming the Claims Court decision, the Federal Circuit did not hold that written notice by the government is a necessary prerequisite for the accrual of a claim under FLSA. The Federal Circuit simply acknowledged that the Claims Court had properly considered the letter as evidence of actual notice to the plaintiffs but did not hold that such notice was required to trigger the accrual of a backpay claim. Thus, *Doyle* did not alter the standard for tolling a statute of limitation set forth in *Japanese War Notes.*[2] Consequently, once plaintiff in this case "reasonably should have learned of his cause of action," his claim accrued under FLSA. The court finds that plaintiff should have reasonably learned of his cause of action when he began receiving extra compensation and heard rumors about what that compensation represented.[3] Therefore, plaintiff's claim is clearly

---

**2.** Nor did *Cook v. United States*, 855 F.2d 848 (Fed. Cir.1988), the other case relied upon by plaintiff alter the standard. *Cook* is the only case from this circuit which equitably tolled the FLSA statute of limitations. In that case, the plaintiffs filed backpay claims after the two-year statute had expired, but the court allowed the limitation period to be tolled based upon a condition precedent: a Secretary of Labor study establishing the average length of tours of duty of publicly employed firefighters upon which "the right of firefighters to statutory overtime depended." Thus, the case was clearly outside "the usual rule" and the plaintiffs' claims had not yet accrued. *Id.* at 851. In the instant case, there is no condition precedent to plaintiff's basis for recovery as he knew at all relevant times what his regular work hours were.

**3.** In so finding, the court is reminded of the Court of Claims' observation that statutes of limitations deny claims regardless of their merits and often seem unfair. *Braude*, 218 Ct.Cl. at 278. In this case, plaintiff has alleged that all

barred as it was filed more than two years later.

## CONCLUSION

For the reasons set forth above, the court grants defendant's Motion to Partially Dismiss. As plaintiff has admitted that he has already received backpay for the remaining time periods alleged in his complaint, the court's conclusion effectively disposes of plaintiff's entire case. Accordingly, the Clerk of the Court is directed to dismiss plaintiff's complaint. No costs.

**IT IS SO ORDERED.**

---

the other canine officers were given lump sum backpay for the transportation and care of their dogs during off duty hours. Plaintiff has also suggested that the payment of this compensation to his co-workers was based upon union membership. If this were true, the government's actions would certainly implicate the prohibition of Section 158 of the Labor Management Relations Act:

(a) Unfair labor practices by employer
It shall be an unfair labor practice for an employer—

(3) by discrimination in regard to hire or tenure of employment or any term or condition of employment to encourage or discourage membership in any labor organization....

29 U.S.C. § 158. Unfortunately, plaintiff is precluded by the statute of limitations from litigating his entitlement to backpay or the legitimacy of the government's actions.