Kent **CHRISTOFFERSON,**
et al., **Plaintiffs,**

v.

The **UNITED STATES, Defendant.**

No. 01–495C.

United States Court of Federal Claims.

Aug. 22, 2006.

Jack W. Lee, San Francisco, California, for plaintiffs. John Ota, of counsel.

Steven J. Gillingham with whom were Peter D. Keisler, Assistant Attorney General, David M. Cohen, Director, U.S. Department of Justice, Civil Division, Commercial Litigation Branch, Washington, D.C., for defendant. Rayna Eller, Esq., Suitland, Maryland, of counsel.

## OPINION

BRUGGINK, Judge.

Pending in this federal employee overtime pay case is plaintiffs' motion for equitable tolling of the statute of limitations for field operations supervisors. Plaintiffs' claims are brought under both the Fair Labor Standards Act, 29 U.S.C. §§ 201–219 (2000) ("FLSA"), and the Federal Employee Pay Act, 5 U.S.C. §§ 5541–5550a (2000) ("FEPA"). In dispute is the amount of overtime pay, if any, due plaintiffs arising out of work done to complete the 2000 census. Previously we dismissed plaintiffs' FLSA claims for hours worked in excess of eight in one day. *Christofferson v. United States*, 64 Fed.Cl. 316 (2005) ("*Christofferson I*"). FLSA claims for hours worked in excess of forty in a single workweek were unaffected. We deferred ruling on plaintiffs' FEPA claims. Trial was held in 2005 with respect to plaintiffs employed in the Concord, California Local Census Office, limited to the issue of whether Field Operations Supervisors ("FOS") were exempt employees within the meaning of the FLSA. We ruled that defendant failed to meet its burden of proving that the FOSs and Special Places Operations Supervisors ("SPOSs") managed recognized organizational units and that their work met the primary duty test. *Christofferson v. United States*, 67 Fed.Cl. 68 (2005) ("*Christofferson II*").

The current motion seeks to resuscitate what would otherwise be the stale claims of two former FOSs, Jeanne Sunda and Marvin Cole. The matter has been fully briefed and orally argued. For the reasons set out below, we deny the motion.

Actions brought under the FLSA are subject to the statute of limitations set out in the Portal–to–Portal Pay Act ("Act"), codified at 29 U.S.C. §§ 251–262 (2000). The Act provides for a two-year statute of limitations for FLSA violations, unless the violation is willful. 29 U.S.C. § 255. Willful FLSA violations are subject to a three-year limitations period. *Id.* Plaintiffs do not dispute that a strict application of even the three-year limitations period would bar Sunda's and Cole's claims. Instead, they argue that the statute of limitations should be equitably tolled.

We previously addressed a similar question. Earlier in the litigation defendant sought the dismissal of the FLSA claims of former SPOS Kenneth Owens and former Crew Leader Edith Banducci on timeliness grounds. We assumed, for purposes of ruling on the motion, that plaintiffs were correct that equitable tolling is available in FLSA actions. *Christofferson I*, 64 Fed.Cl. at 326. We agreed with plaintiffs that the weight of authority favors equitable tolling of FLSA claims. *See Hickman v. United States*, 43 Fed.Cl. 424, 427 (1999) (ruling that FLSA is subject to equitable tolling); *Udvari v. United States*, 28 Fed.Cl. 137, 139 (1993) (assuming equitable tolling of FLSA is permissible but declining to do so); *see also Henchy v. City of Absecon*, 148 F.Supp.2d 435, 438 (D.N.J.2001) ("Read into every federal statute of limitation, including the FLSA, the equitable tolling doctrine applies. . . ."); *Bureerong v. Uvawas*, 922 F.Supp. 1450, 1463 (C.D.Cal.1996) (tolling FLSA limitations period); *Reich v. S. New Eng. Telecomm. Corp.*, 892 F.Supp. 389, 404 (D.Conn.1995) (same); *Kamens v. Summit Stainless, Inc.*, 586 F.Supp. 324, 328 (E.D.Pa.1984) (tolling the FLSA limitations period and stating that the equitable tolling doctrine is read into every federal statute of limitation).[1]

Once again, we need not decide whether the limitations period for FLSA claims is subject to equitable tolling. Assuming for purposes of summary judgment that tolling is available, it is justified in only limited circumstances, which we find inapplicable here. As the Supreme Court has explained:

> Federal Courts have typically extended equitable relief only sparingly. We have allowed equitable tolling in situations where the claimant has actively pursued his judicial remedies by filing a defective pleading

---

1. Plaintiff also cites *United States v. Cook*, 795 F.2d 987, 994 (Fed.Cir.1986). However, the court in *Cook* explicitly stated that it declined to rule on the issue because to do so would be tantamount to issuing an advisory opinion. The court merely stated that, "[w]hen and if the time comes, the district court will presumably apply the doctrine of equitable tolling consistently with Congress' intent in enacting the particular statutory scheme set forth in FLSA." *Id.*

during the statutory period, or where the complainant has been induced or tricked by his adversary's misconduct into allowing the filing deadline to pass. We have generally been much less forgiving in receiving late filings where the claimant failed to exercise due diligence in preserving his legal rights.

*Irwin v. Dep't of Veterans Affairs,* 498 U.S. 89, 96, 111 S.Ct. 453, 112 L.Ed.2d 435 (1990).

■ In our previous ruling, we identified three circumstances in which courts have courts have permitted equitable tolling:

> Our review of the cases cited by plaintiff suggests that equitable tolling has been allowed in only three circumstances: (1) a showing that there was a defective pleading filed during the statutory period; (2) a showing that the plaintiff has been induced or tricked by the defendant's misconduct into allowing the filing deadline to pass; or (3) a showing that the plaintiff's injury was inherently unknowable. *See Japanese War Notes Claimants Ass'n v. United States,* 178 Ct.Cl. 630, 634, 373 F.2d 356 (1967); *Hickman,* 43 Fed.Cl. at 427 n. 4; *Udvari,* 28 Fed.Cl. at 139.

*Christofferson I,* 64 Fed.Cl. at 326. With respect to the latter two reasons to toll the limitations period, plaintiffs must "either show that [the government] has concealed its acts with the result that plaintiff[s] w[ere] unaware of their existence or [they] must show that [their] injury was 'inherently unknowable' at the accrual date." *Japanese War Notes,* 178 Ct.Cl. at 634, 373 F.2d 356; *see also Udvari,* 28 Fed.Cl. at 139.

Plaintiffs Owens and Banducci argued that the accrual of their claims was tolled because they were repeatedly told by supervisors that "the government does not pay overtime," and because the agency returned time sheets for "correction" if they evidenced overtime hours. We rejected those claims, finding that there was no evidence of concealment or secretive conduct which prevented plaintiffs from becoming aware of the alleged injury, that the error was not inherently unknowable. *Christofferson I,* 64 Fed.Cl. at 326–28. Citing *Japanese War Notes,* 178 Ct.Cl. at 634, 373 F.2d 356, we noted that ignorance of

rights which should be known is not enough to warrant tolling.

Plaintiffs Sunda and Cole attempt to distinguish their circumstances by arguing that the agency's representations to them were affirmative, and because their particular positions were somewhat different. Plaintiff Sunda makes the following statement in her affidavit:

> 2. .... I was told by my managers and supervisors that FOSs were exempt, that is, not eligible to receive overtime pay. Since the Census Bureau is part of the U.S. government, I believed they must know what they were talking about and I trusted that what they told me was true.
>
> 3. I learned of the *Christofferson v. United States* lawsuit for unpaid overtime pay by 2000 Census employees a few years ago. However, because I believed the Census Bureau ... I decided there was no point in joining the lawsuit. However, I have heard that a court ruled last year that the FOSs were eligible for overtime pay. Based on this new information, I see that I was misled....

Marvin Cole's affidavit is to the same effect.

■ Plaintiffs' argument, while demonstrating candor, does not satisfy the elements warranting tolling. They concede, in effect, that they were aware of this lawsuit and its allegations but declined to join because they assumed the government would win. The only grounds for distinguishing these two plaintiffs from the others who timely joined the action, therefore, is that the former were more pessimistic.

Nor do we view the plaintiffs' position descriptions and other official personnel files, which reflect their "exempt" status, as proof of misrepresentation. As we explained in our earlier ruling, the fact that the agency took a different legal position on entitlement to overtime pay is not enough to warrant tolling. To the extent that the agency's conduct is willful, of course, the statute has a built-in extension of one year. But it is the agency's prerogative to interpret the applicable statutes and regulations. The very nature of litigation over exemption classification assumes that the agency and the plaintiffs disagree on a point of law. The fact that the

lawsuit is brought demonstrates that the underlying entitlement is *not* inherently unknowable or concealed. If the fact that the agency expresses a position which turns out to be incorrect is a warrant for tolling, the limitations period would be suspended indefinitely.

We believe the present grounds for tolling are similar to those characterized by the Supreme Court in *Irwin* as "at best a garden variety claim of excusable neglect." *Irwin,* 498 U.S. at 96, 111 S.Ct. 453. Plaintiffs were aware of the litigation, so they presumably understood that others did not take the agency's legal position at face value.[2] They simply elected not to test the matter.

## CONCLUSION

For the reasons set out above, we deny plaintiffs' motion for equitable tolling.

---

2. Plaintiffs make the point that "[n]either Sunda nor Cole is an attorney, and even if they were, no attorney could have told them definitively in 2000 that they were nonexempt." Reply Br. at

7. Obtaining rulings on contested points of law, of course, is precisely the purpose of litigation. Under plaintiffs' approach, non-lawyers would not be subject to the limitations period.