## ALBERMARLE BANK AND TRUST COMPANY, Plaintiff,

v.

## The UNITED STATES, Defendant.

### No. 181–86C.

United States Claims Court.

July 22, 1987.

Robert M. Musselman, Charlottesville, Va., for plaintiff.

Mary Mitchelson, with whom was Asst. Atty. Gen. Richard K. Willard, Washington, D.C., for defendant.

## OPINION

SMITH, Chief Judge.

This case is before the Court on Defendant's Motion to Dismiss. This order elaborates upon an oral ruling given by the Court at the close of argument on the motion. That ruling was based upon con-sideration of the parties' submissions and oral argument.

### Facts

In February of 1978, Milodon Engineering Inc. (Milodon), a California Corporation, requested plaintiff Ablemarle Bank and Trust Company (Albemarle) to serve as a lender for a Farmer's Home Administration (FmHA) 90 per centum guaranteed loan. The loan was for a total of $600,000 to be made in three phases, a working capital phase, a purchase of machinery and equipment phase, and a construction phase, and was to be made under the Business and Industrial Program of the FmHA. By letter dated March 1, 1978, Albemarle agreed to act as lender. This letter of intent was formalized in a Loan Agreement entered into by Albemarle and Milodon on March 9, 1978.

On March 17, 1978, the FmHA issued a loan note guarantee for the first two phases of the loan. This first portion of the loan was issued for $395,000 and the guarantee was for $350,500. The remaining portion of the loan, the third phase, was to be issued at a later date and in the amount of $205,000. ·

In June of 1979 the FmHA refused to issue the final portion of the loan due to Albemarle's alleged failure to meet certain conditions of the program and alleged improprieties with plaintiff's servicing of the first two phases of the loan. Albemarle appealed this denial to the FmHA on June 22, 1979, but voluntarily withdrew the appeal. Plaintiff asserts the withdrawal was based upon Milodon's decision that it would no longer accept the loan after such a long delay.

Milodon instituted suit against Albemarle on April 9, 1980 in the United States District Court for the Central District of California for misrepresentation and breach of contract. Albemarle counterclaimed and joined The Honorable John Block, Secretary of the United States Department of Agriculture. The Secretary was subsequently dismissed. The claim against Albemarle was also dismissed. Although the Court rejected Albemarle's request for at-

torney fees, it did grant a request for costs.

On June 17, 1980, Albemarle filed suit in the United States District Court for the Western District of Virginia against the principal owners of Milodon, Donald and Barbara Alderson, at the express direction of the FmHA counsel, in accordance with Albemarle's obligation to collect the defaulted loan. That action was dismissed on October 30, 1984.

In the present action, Albemarle seeks $350,000 for the FmHA's breach of contract and "unlawful" acts. Of this amount, Albemarle alleges it incurred attorney fees in the amount of $257,145.10, travel expenses in the amount of $25,414.78, and other related expenses totalling $11,160.00 as a direct result of the California and Virginia litigation. Albemarle filed suit in this Court on March 17, 1986. Defendant has filed a motion to dismiss alleging that the statute of limitations bars Albemarle's claim, that Albemarle may not recover attorney fees as consequential damages or costs of litigation, that Albemarle has failed to exhaust its administrative remedies, and that sovereign immunity further bars Albemarle's claim.

## Discussion

### Statute of Limitations

■ Albemarle has properly stated a breach of contract action that is within this Court's jurisdiction. 28 U.S.C. § 1491(a)(1). Plaintiff, however, has failed to file it's claim within the six year statute of limitations established in 28 U.S.C. § 2501. The FmHA informed Albemarle by letter dated June 11, 1979 that it would not issue the loan guarantee for the third phase of the Milodon loan. Albemarle filed its complaint on March 17, 1986, more than six years after the date of the above letter.

Plaintiff argues that the refusal to issue the loan guarantee is not the only basis for the complaint. Albemarle alleges that a continuing course of conduct by the FmHA over the next five years, which included advising Albemarle to sue the Aldersons and refusing to acknowledge that Milodon was in default, satisfies the statute of limitations. It is, however, well settled that a claim against the United States accrues on the date when all the events which fix liability on the Government and entitle the plaintiff to bring an action have occured. *Oceanic Steamship Co. v. United States,* 165 Ct.Cl. 217, 225 (1964). Though torts beyond this Court's jurisdiction may well have been committed after the alleged breach, there was no continuing breach of contract and Albemarle has failed to satisfy the statute of limitations.

### Attorney Fees

■ A second basis for granting the Government's motion is that attorney fees, as requested by Albemarle, are not recoverable as consequential damages. Albemarle argues that damages from the breach of contract by the FmHA were easily forseeable and that attorney fees and litigation costs are the measure of such forseeable damages. Plaintiff relies on *Terteling v. United States,* 167 Ct.Cl. 331, 334 F.2d 250 (Ct.Cl.1964), which allowed a plaintiff to recover from the Government litigation costs resulting from defending a suit brought by a third party. In that case, however, the Government had acknowledged that it would be liable for any judgment against the plaintiff in an *amicus curiae* brief filed in the third party litigation. Here the Government has made no such acknowledgement.

The defendant here cites *Kania v. United States,* 227 Ct.Cl. 458, 650 F.2d 264 (1981), where the plaintiff sought costs of litigation and attorney fees he incurred in defending a criminal indictment which he alleged was brought in violation of the Government's promise not to indict him in return for his testimony. The Court of Claims rejected plaintiff's argument that he was seeking not attorney fees but rather damages arising from the Government's breach of contract as measured by attorney fees. *Id.,* at 467, 650 F.2d at 269. Further, the Court held that attorney fees and other litigation costs were consequential damages not normally awarded in breach of contract cases. *Id.* The damages in *Kania* would certainly appear to be "more direct" than those in this case. This Court

may award only direct and proximate damages arising from the breach of a contract. *Gardener Displays Co. v. United States,* 171 Ct.Cl. 497, 504, 346 F.2d 585, 589 (1965). Consequential damages are not recoverable. *Northern Helex Co. v. United States,* 207 Ct.Cl. 862, 887, 524 F.2d 707, 720 (1975). Thus, even if Albemarle had filed within the statute of limitations, the Government's motion to dismiss would have to be granted as attorney fees and related expenses are all that is being sought.

### Administrative Remedies

■ Less convincing is the Government's argument that Albemarle has failed to exhaust its administrative remedies under 7 C.F.R. 1980.80 (1982). Defendant relies on *McClendon v. Jackson Television, Inc.,* 603 F.2d 1174 (5th Cir.1979), which held that a plaintiff must exhaust Federal Communications Commission remedies before seeking relief in the court system. In this case, however, Milodon informed Albemarle that it would no longer accept the loan, thus rendering the administrative remedy useless. No person is required to bear the costs of appealing a decision when such appeal would provide no economic benefit. *Baxter v. Claytor,* 652 F.2d 181, 185 (D.C.Cir.1981). Further, the statute itself says that an aggrieved party "may" seek administrative relief. Albemarle has thus not failed to exhaust its administrative remedies.

### Sovereign Immunity

■ The defendant has raised the strict construction of statutes waiving of sovereign immunity as a defense to this action. It is, of course, true that the consent of the United States to be sued is not extended beyond its literal terms and will not be implied, *Nibali v. United States,* 225 Ct.Cl. 8, 14, 634 F.2d 494, 497 (Ct.Cl.1980). It is also important to remember that every court has a duty to faithfully construe its jurisdiction. This is true whether that jurisdiction is created by the Constitution, a statute, or by the waiver of sovereign immunity. In this case all that is necessary to determine that this court is without jurisdiction to grant plaintiff the relief it seeks is a faithful and honest reading of the statute of limitations. The limited waiver of sovereign immunity inherent in this court's creation does no more for the defendant's cause than the statute of limitations period which plaintiff unfortunately allowed to expire.

### Conclusion

Plaintiff Albemarle has failed to file its complaint within the six year statute of limitations imposed by 28 U.S.C. § 2501. Further, attorney fees, as claimed by Albemarle, are consequential damages not recoverable in a breach of contract action. The Government's Motion to Dismiss is granted.

IT IS SO ORDERED

COSTS AWARDED TO THE DEFENDANT