J. Keith Burt, Washington, D.C., with whom was Asst. Atty. Gen. Richard K. Willard, for defendant.

**Morris KINSEY d/b/a Kinsey Farms, Inc., Plaintiff,**

v.

**The UNITED STATES, Defendant.**

No. 406–87C.

United States Claims Court.

Nov. 13, 1987.

## ORDER

NETTESHEIM, Judge.

This case comes before the court on defendant's motion to dismiss pursuant to RUSCC 12(b)(1). Plaintiff has opposed. Argument is deemed unnecessary.

## FACTS

The following facts are accepted as well pleaded. Plaintiff Morris Kinsey d/b/a Kinsey Farms, Inc. ("plaintiff"), on approximately November 16, 1978, applied to the Farmers Home Administration ("FmHA") for a loan and shortly thereafter submitted the requisite Farm and Home Plan. Although plaintiff's application initially was denied on November 29, 1978, by the County Committee of Oktibbeha County, Mississippi, the county committee on December 6, 1978, reconsidered plaintiff's application and determined that plaintiff was an eligible applicant. Thereafter, plaintiff was approved for a $100,000 operating loan and a $230,000 economic emergency loan on March 16, 1979, which closed on May 23, 1979. Plaintiff agreed to a repayment plan

---

and executed a real estate deed of trust to secure its loans. The scheduled repayments by plaintiff were to begin in 1983, the year the farm was to become fully operational.

In accordance with plaintiff's Farm and Home Plan, certain expenses and obligations were paid with the loan proceeds and the remaining sums were placed in a supervised bank account. Subsequently, plaintiff used the proceeds in the supervised bank account with assistance from FmHA officials. However, on January 30, 1980, per the direction of FmHA's national office, these funds were withheld from plaintiff. On April 2, 1980, plaintiff was notified by FmHA's national office that the loans were illegal and on approximately September 23, 1980, FmHA made its initial withdrawal of funds. Plaintiff filed a civil action in the United States District Court for the Northern District of Mississippi, *Kinsey v. United States,* Cause No. EC 83–125–LS–D (N.D.Miss., filed Apr. 18, 1983). On December 21, 1983, plaintiff requested that FmHA replace the funds. Jurisdiction was denied and the complaint was dismissed on July 23, 1984. Thereafter, plaintiff commenced suit in this court on July 6, 1987.

## DISCUSSION

The issue before this court is whether plaintiff's claim for damages based on the alleged wrongful termination of two FmHA loans is barred by 28 U.S.C. § 2501 (1976), which provided as of 1980, as it does today: "Every claim of which the ... [United States Claims Court] has jurisdiction shall be barred unless the petition thereon is filed within six years after such claim first accrues." The rationale behind the statute of limitation's denial of certain claims, even if they have merit, is that the limitation is "necessary in order to insure prompt handling of claims and to prevent actions from being withheld until such time that memories of witnesses and other types of evidence have become obscured or unavailable by the passage of time...." *Braude v. United States,* 218 Ct.Cl. 270, 278, 585 F.2d 1049, 1054 (1978); *accord Kirby v. United States,* 201 Ct.Cl. 527, 539

(1973), *cert. denied,* 417 U.S. 919, 94 S.Ct. 2626, 41 L.Ed.2d 224 (1974).

█ The general rule for determining precisely when a cause of action accrues is that a claim against the Government first accrues when all the events have occurred which fix the Government's liability and entitle the claimant to bring an action. *Kirby v. United States,* 201 Ct.Cl. at 532; *Oceanic S.S. Co. v. United States,* 165 Ct.Cl. 217, 225 (1964). In this case, plaintiff's claim is based on FmHA's termination of the loans and withdrawal of the loan funds. FmHA recalled all the loan proceeds on approximately September 23, 1980. Plaintiff filed its complaint on July 6, 1987. Plaintiff argues that the statute of limitations began to run not on the date that FmHA withdrew the funds, but, rather, in 1983 when the supervised withdrawal of the loans was to end and the farm was to become fully operational, because the latter was the date on which performance was to be completed.

In *Albermarle Bank & Trust Co. v. United States,* 12 Cl.Ct. 704 (1987), plaintiff sued the Government for breach of contract as a result of FmHA's failure to issue a loan guarantee. In determining whether the statute of limitations barred the action, the court utilized the all-events test and concluded that this test was met on the date that plaintiff received the letter informing it that the loan guarantee would not be issued. Despite plaintiff's argument that as a result of FmHA's continuous conduct over the next five years plaintiff should be found to have satisfied the statute, it was held that the statute of limitations barred the action.

Despite plaintiff's argument in this case that the limitations period began to run when FmHA's performance was completed, this court concludes that the events which fix liability against the Government had accrued as of the date that FmHA began to withdraw the funds. "There is no requirement that a plaintiff must wait until each and every duty contained in a contract is either performed or breached before a cause of action may be brought...."

 

*McDonnal v. United States*, 9 Cl.Ct. 629, 633 (1986) (citing *Soriano v. United States*, 352 U.S. 270, 275, 77 S.Ct. 269, 273, 1 L.Ed.2d 306 (1956)). Plaintiff had six years to challenge the legality of FmHA's withdrawal of funds. Since plaintiff did not act within the required time period, its claim is barred.

### CONCLUSION

Based on the foregoing, defendant's motion is granted and the Clerk of the Court shall dismiss the complaint.

IT IS SO ORDERED.