Morris **KINSEY** d/b/a **Kinsey Farms, Inc.,** Plaintiff–Appellant,

v.

The **UNITED STATES,** Defendant–Appellee.

**Appeal No. 88–1178.**

United States Court of Appeals, Federal Circuit.

July 25, 1988.

Jessie L. Evans, Blackmon, Blackmon & Evans, Jackson, Miss., for plaintiff-appellant.

J. Keith Burt, Commercial Litigation Branch, Dept. of Justice, Washington, D.C., for defendant-appellee. With him on the brief were John R. Bolton, Asst. Atty. Gen., David M. Cohen, Director and Thomas W. Petersen, Asst. Director.

Before BISSELL and ARCHER, Circuit Judges, and SKELTON, Senior Circuit Judge.

BISSELL, Circuit Judge.

Morris Kinsey d/b/a Kinsey Farms, Inc. (Kinsey) appeals the judgment of the United States Claims Court, No. 406–87 C (Nov. 13, 1987), dismissing Kinsey's complaint. We affirm.

## BACKGROUND

In November 1978, Kinsey applied to the Farmers Home Administration (FmHA) for a loan. Although the local county committee initially denied Kinsey's application, on reconsideration, the committee determined that Kinsey was eligible. On March 16, 1979, therefore, the FmHA approved a $100,000 operating loan and a $230,000 economic emergency loan for Kinsey. The FmHA also agreed to provide Kinsey with agricultural and technical assistance until 1983 in order to help Kinsey's farm become operational. For his part, Kinsey agreed to begin repayment in 1983, and secured the loans by executing a real estate deed of trust.

Some of the loan proceeds were disbursed to Kinsey for certain expenses, and the balance was deposited in a FmHA-supervised bank account. On January 30, 1980, however, the FmHA withheld these funds from Kinsey. On April 2, 1980, the FmHA notified Kinsey that the loans were illegal because Kinsey was not an eligible borrower. On September 23, 1980, the FmHA withdrew the funds in the super-

vised bank account, and informed Kinsey that the loans would be serviced only for collection.

Kinsey brought suit in the United States District Court for the Northern District of Mississippi on April 18, 1983, but that court dismissed for lack of jurisdiction on July 23, 1984. *Kinsey v. United States*, No. EC 83–125–LS–D. On July 6, 1987, Kinsey filed suit in the Claims Court. That court dismissed the complaint as time-barred. *Kinsey v. United States*, 13 Cl.Ct. 585 (1987). Thereafter, Kinsey appealed.

## ISSUE

Whether the Claims Court properly held that Kinsey failed to file suit within the time limits prescribed by the court's statute of limitations.

## OPINION

According to the Claims Court's statute of limitations, every claim is time-barred "unless the petition thereon is filed within six years after such claim first accrues." 28 U.S.C. § 2501 (1982). It is well established that

> [a] claim against the United States first accrues on the date when all the events have occurred which fix the liability of the Government and entitle the claimant to institute an action.... Therefore, where a claim is based upon a contractual obligation of the Government to pay money, the claim first accrues on the date when the payment becomes due and is wrongfully withheld in breach of the contract.

*Oceanic Steamship Co. v. United States*, 165 Ct.Cl. 217, 225 (1964) (citations omitted); *accord Kirby v. United States*, 201 Ct.Cl. 527, 532 (1973) (quoting *Oceanic*, 165 Ct.Cl. at 225), *cert. denied*, 417 U.S. 919, 94 S.Ct. 2626, 41 L.Ed.2d 224 (1974).*

In September 1980, the FmHA withdrew the funds it had loaned to Kinsey. The

---

* It is worth noting that a claim does not accrue unless the claimant knew or should have known that the claim existed. *See Jones v. United States*, 801 F.2d 1334, 1335 (Fed.Cir.1986), *cert.* *denied*, —— U.S. ——, 107 S.Ct. 1887, 95 L.Ed.2d 495 (1987). That is not this case. Kinsey knew about the government's conduct.

Claims Court correctly found, therefore, that Kinsey's claim had accrued by that date. Because Kinsey filed suit in the Claims Court in July 1987—almost seven years later—his suit was time-barred.

Kinsey resists this result by arguing that the FmHA's 1980 conduct amounted only to an anticipatory repudiation. As such, Kinsey asserts that under common law principles he properly waited to bring suit until the contract term expired in 1983, and that the statute of limitations began running from that date. We do not accept his argument.

An anticipatory repudiation occurs when an obligor communicates to an obligee that the obligor will commit a breach in the future. Restatement (Second) of Contracts § 250(a) (1981). In such a situation, the normal rule is that the statute of limitations begins to run from the date of performance specified in the contract unless the obligee elects to sue earlier for anticipatory breach. *Penn–Ohio Steel Corp. v. United States*, 354 F.2d 254, 272–73 n. 35, 173 Ct.Cl. 1064 (1965). If, however, the breach is not wholly anticipatory because it involves some contractual nonperformance, the statute of limitations begins to run immediately. 18 Williston on Contracts § 2027B, at 796 (3d ed. 1978); 4 Corbin on Contracts § 989, at 967 (1951). In the case at bar, the FmHA not only repudiated its obligations under the loan agreements, it also violated the agreements by depriving Kinsey of access to the funds. The statute of limitations, consequently, began to run from the date of nonperformance, or September 1980.

### CONCLUSION

For the foregoing reasons, we affirm the judgment of the Claims Court.

AFFIRMED.