861 F.2d 729
 Unpublished Disposition
NOTICE: Federal Circuit Local Rule 47.8(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
HIGHFIELD WATER COMPANY, Plaintiff-Appellant,
v.
The UNITED STATES, Defendant-Appellee.
 No. 88-1252.
 United States Court of Appeals, Federal Circuit.
 Sept. 23, 1988.
 
 Before FRIEDMAN, BISSELL and MAYER.
 BISSELL, Circuit Judge.
 
 DECISION
 
 1
 The final judgment of the United States Claims Court, No. 192-85L (Dec. 17, 1987), dismissing Highfield Water Company's complaint for lack of jurisdiction, is affirmed.
 
 OPINION
 
 2
 The sole issue on appeal is whether Highfield's claim against the United States is barred by the six year statute of limitations in 28 U.S.C. Sec. 2501 (1982). It is well established that "[a] claim against the United States first accrues on the date when all the events have occurred which fix the liability of the Government and entitle the claimant to institute an action." Oceanic Steamship Co. v. United States, 165 Ct.Cl. 217, 225 (1964); accord Kinsey v. United States, 852 F.2d 556, 557 (Fed.Cir.1988) (quoting Oceanic, 165 Ct.Cl. at 225).
 
 
 3
 Highfield is not arguing that its claim against the United States is the taking of water for use by Ft. Ritchie. In fact, Highfield implicitly admits that the October 1, 1978, termination of its state water company franchise bars any such taking claim. Appellant's Brief at 6. Rather, Highfield asserts as its claim the ultimate loss of the "highest and best economic use of its plant and water supply system." Id. at 7. Highfield's argument that such a claim did not arise until it conveyed the system's legal title to the Washington County Sanitary District on July 17, 1984, is misguided.
 
 
 4
 The latest date at which all the liability-fixing events could have occurred was October 1, 1978, when Highfield lost operating rights to the water supply system. It is undisputed that by that date, Highfield had lost its "highest and best economic use" of the water system. Therefore, we need not and do not decide if the claim actually arose prior to October 1, 1978. Highfield's suit is barred because it was not brought within six years after October 1, 1978.