CCM CORPORATION, Plaintiff,

v.

The UNITED STATES, Defendant.

No. 599–86C.

United States Claims Court.

Nov. 14, 1988.

Donald L. Conn, Woburn, Mass., for plaintiff.

Scott P. Boylan, Washington, D.C., with whom was Asst. Atty. Gen., John R. Bolton, for defendant.

## ORDER

FUTEY, Judge.

This case is presently before the court on defendant's motion for partial summary judgment. The action arises out of a contract between the Veterans Administration and CCM Corporation to insulate and waterproof a Veterans Administration building. Plaintiff asserts that due to the delay in the project completion and the government's failure to release the corporation's performance bond, plaintiff was unable to perform a separate contract for the Town of Maynard, Massachusetts. Plaintiff requested compensation from the contracting officer for, *inter alia*, lost profits from the contract with the town of Maynard. This claim was denied. Pursuant to 41 U.S.C. § 609(a)(1) (1982) of the Contract Disputes Act of 1978, plaintiff appeals to this court from the final decision of the contracting officer.

### Factual Background

On May 3, 1983, CCM Corporation (CCM) was awarded a contract to insulate and waterproof existing connecting corridors at a Veterans Administration (VA) medical center building in Brockton, Massachusetts, for a price of $409,450.00. CCM received the notice to proceed on May 23, 1983, which established a contract completion date of November 19, 1983 (180 days from the date of notice). Plaintiff claims that shortly after commencing work it was discovered that the existing waterproofing consisted of tar pitch.[1] Due to the pres-

---

1. In a June 10, 1985, letter to Barry Roberts, the contracting officer, CCM stated that "[t]he exist-

ence of [the] tar was an unanticipated site condition, which was not reflected in the specifica-

ence of the tar, CCM determined that the material upon which its bid was calculated, hot rubberized asphalt, could not be used to waterproof the building.

Consequently, on June 21, 1983, plaintiff submitted a request to the contracting officer for change order seeking approval of Bituthene for use as an alternative material.[2] The VA approved the use of Bituthene on condition that the manufacturer, W.R. Grace, guarantee the product as required by the contract. CCM did not acquire an acceptable guarantee from W.R. Grace until September 16, 1983. Prior to this time CCM did not proceed with the major portion of the contract which called for the laying of the asphalt.

On September 8, 1983, CCM sent a letter to the contracting officer which, *inter alia,* requested an extension of 60 days for performance of the contract due to the need for an alternative waterproofing material. The contracting officer subsequently granted a 30 day extension. In February of 1984, the contracting officer granted an additional extension of one hundred and fifteen days to complete the job.

CCM asserts that the delay of the project completion resulted from the failure of the VA to "properly consider or address itself to the problems resulting from the unanticipated site conditions...."[3] Plaintiff contends that as a result of the delay in the completion of the project, and defendant's failure to release the corporation's performance bond, plaintiff was unable to erect a municipal garage for the Town of Maynard, Massachusetts, thus depriving plaintiff of the profit from that contract.

On June 10, 1985, CCM submitted a claim to the contracting officer which included a request for lost profits from the Maynard project.[4] The contracting officer denied CCM's claim in a final decision issued September 27, 1985.

CCM subsequently filed a complaint in this court pursuant to 41 U.S.C. 609(a)(1), praying for: (1) $70,000.00 in damages for lost profits from the Maynard project, (2) $77,900.00 for wages, equipment and overhead due to the delay in completion of the contract, and (3) $48,584.00 to compensate for the additional cost for the use of Bithuthene. Defendant submitted a motion for partial summary judgment as to plaintiff's claim for lost profits from the Maynard contract.

### Discussion

■ It is well established in this court that damages may only be recovered against the United States if they arise from the natural and probable consequences of a contract breach. *See Gardner Displays Co. v. United States,* 171 Ct.Cl. 497, 504–05, 346 F.2d 585, 589–90 (1965); *Ramsey v. United States,* 121 Ct.Cl. 426, 433–34, 101 F.Supp. 353, 357–58 (1951), *cert. denied,* 343 U.S. 977, 72 S.Ct. 1072, 96 L.Ed. 1369 (1952); *Albermarle Bank & Trust Co. v. United States,* 12 Cl.Ct. 704, 706–07 (1987), *aff'd,* 845 F.2d 1034 (Fed.Cir.1988). Remote or consequential damages are not recoverable. *Northern Helex Co. v. United States,* 207 Ct.Cl. 862, 886–88, 524 F.2d 707, 720–21 (1975), *cert. denied,* 429 U.S. 866, 97 S.Ct. 176, 50 L.Ed.2d 146 (1976); *H.H.O., Inc. v. United States,* 7 Cl.Ct. 703, 707–08 (1985); *DeBarros v. United States,* 5 Cl.Ct. 391, 395 (1984); *L'Enfant Plaza Properties, Inc. v. United States,* 3 Cl.Ct. 582, 590 (1983). Additionally, damages resulting from a contract breach must be reasonably foreseeable and contemplated by the parties when entering into the contract. *Olin Jones Sand Co. v. United States,* 225 Ct.Cl. 741, 742–44 (1980); *Wil-*

---

tion of other contract documents." However, the contracting officer's final decision of September 27, 1985, held that the existence of the tar was not an unanticipated site condition since the use of tar was common industry practice when the building was constructed and CCM had the opportunity to conduct a walk-thru site visit prior to making their bid.

**2.** Additionally, on August 5, 1983, CCM submitted a change order to use rhoflux instead of the asphalt. The contracting officer denied this request on September 8, 1984.

**3.** Complaint at p. 3.

**4.** In all, plaintiff submitted 11 separate requests for payment to the contracting officer for claims relating to the contract with the VA.

*liam Green Constr. Co. v. United States,* 201 Ct.Cl. 616, 626, 477 F.2d 930, 936 (1973), *cert. denied,* 417 U.S. 909, 94 S.Ct. 2606, 41 L.Ed.2d 213 (1974); *Johns–Manville Corp. v. United States,* 13 Cl.Ct. 72, 162 (1987).

Lost profits which result from the breach of an unrelated contract represent consequential damages. *See Kurz & Root Co. Inc. v. United States,* 227 Ct.Cl. 522, 531 (1981); *Specialty Assembling & Packing Co. v. United States,* 174 Ct.Cl. 153, 175, 355 F.2d 554, 567–68 (1966); *Dale Constr. Co. v. United States,* 168 Ct.Cl. 692, 738 (1964); *Ramsey v. United States,* 121 Ct.Cl. at 434–35; *Myerle v. United States,* 33 Ct.Cl. 1, 26 (1897); *Albermarle Bank & Trust Co.,* 12 Cl.Ct. at 707; *H.H.O., Inc. v. United States,* 7 Cl.Ct. at 707. Thus, the loss of profits that CCM could have derived from the Maynard contract are not the natural and probable consequences of the government's action.

■ Furthermore, CCM has presented no evidence that plaintiff's anticipated profits on the Maynard contract were contemplated as damages at the time the parties entered into the contract. Therefore, for purposes of deciding defendant's motion, this court need not reach the question of whether the VA was in breach of the contract. Plaintiff cannot recover unanticipated lost profits from a separate and unrelated contract.

Summary judgment is appropriate where no genuine issues of material fact exist and, as a matter of law, the moving party is entitled to judgment. RUSCC 56; *Celotex Corp. v. Catrett,* 477 U.S. 317, 323, 106 S.Ct. 2548, 2553, 91 L.Ed.2d 265 (1986); *Mingus Constr., Inc. v. United States,* 812 F.2d 1387, 1390 (Fed.Cir.1987); *Weide v. United States,* 4 Cl.Ct. 432, 435 (1984), *aff'd* 765 F.2d 157 (Fed.Cir.1985), *cert. denied,* 474 U.S. 822, 106 S.Ct. 74, 88 L.Ed.2d 61 (1985). To defeat a motion for summary judgment the nonmoving party must produce specific and credible facts which raise genuine issues of material fact, or tend to establish the elements of the party's cause of action. *Balboa Ins. Co. v. United States,* 775 F.2d 1158, 1168 (Fed.Cir.1985);

*McDonald v. United States,* 13 Cl.Ct. 255, 258 (1987). If no evidence is produced which places material facts in dispute the motion should be granted. *SRI Int'l v. Matsushita Elec. Corp. of Am.,* 775 F.2d 1107, 1116 (Fed.Cir.1985). Viewing the pleadings in a light most favorable to plaintiff, this court finds no issues of material fact in dispute as to plaintiff's claim for lost profits and as a matter of law that defendant's motion is ripe for summary judgment. *See United States v. Diebold, Inc.,* 369 U.S. 654, 655, 82 S.Ct. 993, 994, 8 L.Ed.2d 176 (1962).

### Conclusion

For the reasons stated hereinabove, defendant's motion for partial summary judgment as to plaintiff's claim for $70,000 lost profits, set forth in Count II of the complaint, is granted.

In addition, both parties are directed to confer and to file within 30 days a joint report concerning further proceedings as to the remaining issues in this case.

IT IS SO ORDERED.