Billy W. JARVIS, Plaintiff,

v.

The UNITED STATES, Defendant.

No. 97–806T.

United States Court of Federal Claims.

May 19, 1999. ■ *

---

* This opinion was originally filed under seal on March 31, 1999. It directed defendant to file a joint status report indicating whether a redacted version of the opinion could be released to the public. Defendant filed a status report proposing numerous redactions prior to release, but it did not include any indication of plaintiff's position. Because plaintiff has not separately filed any objection to issuance of the opinion, or to the redactions proposed by defendant in its status report, the court is releasing the opinion with defendant's proposed redactions.

John D. Copeland, Dallas, Texas, for plaintiff.

Michael F. Cox, U.S. Department of Justice, Washington, D.C., with whom were Assistant Attorney General Loretta C. Argrett, Chief, Court of Federal Claims Section, Mildred L. Seidman, and Assistant Chief Thomas D. Sykes, U.S. Department of Justice, Washington, D.C., of counsel, for defendant.

## OPINION

BRUGGINK, Judge.

This is an action for an alleged breach of contract to pay a reward to a tax informant. Pending are defendant's motion for partial summary judgment, plaintiff's motion for leave to file an amended complaint, and plaintiff's motion for leave to file a cross-motion for summary judgment. Oral argument was held on March 26, 1999. For the reasons set forth below, plaintiff's motions for leave to amend and cross-move for summary judgment are denied, and defendant's motion for partial summary judgment is granted.

## BACKGROUND [1]

On November 9, 1993, plaintiff entered into a written informant reward agreement ("Agreement") pursuant to which he agreed to provide certain confidential information to the Internal Revenue Service ("IRS") concerning taxes owed by individuals in the Moncrief family and several associated businesses ("Taxpayers"). In exchange, the IRS agreed, among other things: (1) to pay plaintiff for the information subject to the conditions set out in the agreement; and (2) that "[n]o IRS official will disclose the informant's identity unless required by law or ordered by

a federal judge or magistrate to do so." Agreement ¶ 6, Compl. Ex. A. Paragraph seven of the agreement set out the formula by which plaintiff's reward would be calculated:

> The IRS will pay to the Informant amounts per the below-outlined schedule of the net taxes, fines, and penalties (but not interest) collected from the Taxpayers as a direct result of information provided by the Informant that caused the investigation and resulted in the recovery:
>
> 10% of first $10,000,000.00
> 15% of next $10,000,000.00
> 20% of next $10,000,000.00
> 25% of amount over $30,000,000.00
>
> With a maximum reward not to exceed $25 million
>
> No payment shall be made if any of the conditions set forth in this agreement are not met.

*Id.* ¶ 7. The contract further provided:

> The IRS will not disclose to the Informant the nature or amount of IRS adjustments or other tax information related to the Taxpayers. At the Informant's request a review will be conducted by Counsel for the Government, General Legal Services, Chief Counsel's office, verifying that the amounts paid to the informant are correct.

*Id.* ¶ 7(c).

Within the following month, plaintiff was debriefed by IRS representatives and provided the agency with documents to support his allegations regarding the Taxpayers. In September 1994, the IRS commenced an investigation into possible under-payments of income, gift, estate and excise tax by the Taxpayers for tax periods prior to that date. [ ] [2] [ ]

Thereafter, plaintiff submitted a written demand for his reward. The IRS's Office of Chief Counsel calculated that [ ] assuming all contractual conditions were met by plaintiff, he would be entitled to a reward of

---

1. The facts are drawn from the pleadings, undisputed proposed findings of fact submitted in connection with defendant's motion for summary judgment, plaintiff's affidavit submitted in conjunction with his response to that motion, and attachments to the second declaration of defendant's counsel submitted with its supplemental proposed findings of fact. The latter attachments show how the IRS calculated the amount of plaintiff's reward.

2. [ ]

$1,769,099.18. [ ]³ [ ], and by application of the formula set out in paragraph seven of the agreement. Although plaintiff submitted numerous requests for payment of the reward, no money has yet been paid by the IRS.

## PROCEDURAL BACKGROUND

The complaint was filed on November 24, 1997. It presents three causes of action.⁴ The first is that plaintiff is entitled to in excess of $3 million under the reward provisions of the agreement, based upon IRS's collection of more than $23 million from the Taxpayers. The second cause of action is that the government breached an implied covenant of the agreement to collect the full amount of taxes owed by the Taxpayers. Plaintiff contends that the IRS should have collected in excess of $100 million on the basis of the information he furnished the agency, and that if it had done so, his reward would have been $25 million, the maximum amount permitted under the agreement.

The third cause of action seeks damages for the government's alleged breach of paragraph six of the agreement, which precluded the IRS from disclosing plaintiff's identity unless required by law or court order. He contends that [ ], an IRS special agent, disclosed his identity as the informant to Charles Moncrief, one of the Taxpayers, in February 1996. Plaintiff further contends that, as a direct result of that disclosure, approximately two months later, Tex Moncrief sued him in state court in Texas. Plaintiff seeks to be reimbursed for the attorney fees he has expended in defense of that action.

On April 15, 1998, the government filed a motion for partial summary judgment seeking to: (1) limit the potential recovery under the first cause of action to a maximum of $1,763,188.88;⁵ (2) eliminate the second and third causes of action; and (3) dismiss plaintiff's claim for recovery of pre-judgment interest. On May 12, 1998, the court ordered defendant to furnish documentary support for its contention that plaintiff's reward would, at most, be limited to $1,769,099.18. This information was submitted on June 23, 1998 and reviewed *in camera* by the court. On October 21, 1998, upon defendant's motion, the court issued a protective order which prohibits disclosure of the Taxpayers' tax records to non-parties. Subsequently, after obtaining the consent of the Taxpayers, defendant served these documents on plaintiff, subject to the terms of the protective order.

On August 26, 1998, after the motion for summary judgment had been fully briefed, the court ordered the parties to brief several issues pertaining to paragraph 7(c) of the agreement, including whether that provision precluded review of the IRS's reward determination. The parties submitted supplemental briefs on these issues.

The court heard oral argument on March 26, 1999.

## PROCEDURAL MATTERS

Two preliminary procedural issues must be addressed. On January 15, 1999, several months after briefing on summary judgment had been completed, plaintiff filed a motion for leave to file a "First Amended and Supplemental Complaint." The government has opposed the motion. The amended complaint restates the three pending causes of action⁶ and adds three new causes of action.

---

3. [ ]

4. Plaintiff initially sought pre-judgment interest with respect to each count. At oral argument, however, plaintiff conceded that it cannot recover such interest and no longer seeks to recover that aspect of its damages claim.

5. Defendant contends that the Chief Counsel's office erroneously overstated plaintiff's reward by approximately $6,000. [ ] The government concedes that the higher figure of $1,769,099.18 is correct according to the Chief Counsel's office. Because the latter is given the right under the

contract to determine the correct amount if challenged by plaintiff, the court will use that figure.

6. The restated first cause of action—breach of contract for failure to pay in accordance with the contract terms—purports to increase plaintiff's claim slightly. Plaintiff now seeks a proportionate increase in the reward based on the agency's collection of costs of prosecution from the Taxpayers in the amount of $108,000. The restated third and fourth causes of action do not substantively amend counts three and two of the original complaint, respectively.

The new second cause of action is for "Damages for Bad Faith Allocation of Amounts Collected." The new fifth cause of action is for a remand to the IRS to assess and collect an excise tax on one of the Taxpayers, the William A. and Elizabeth B. Moncrief Foundation ("Foundation"), for self-dealing. The new sixth cause of action seeks a remand to the IRS directing the agency to reopen the examination of Tex Moncrief, another one of the Taxpayers, because of alleged fraud and obstruction of justice. We will address these in turn.

The asserted new second cause of action—bad faith allocation of amounts collected—adds nothing to the first count of the pending complaint, as it has been amplified in the briefing. It makes clear that the plaintiff is claiming that the IRS's allocation between taxes and interest collected was erroneously performed in such a way that plaintiff's recovery was minimized.

The viability of the new fifth cause of action is implicitly raised in plaintiff's pending second cause of action that not enough taxes were collected, i.e., the IRS settled for an improperly low amount. As explained below, the government is entitled to partial summary judgment on the existing complaint. Merely stating in other terms the same bases for relief that the court dismisses herein would be futile.

The new sixth cause of action, seeking a remand to the IRS to reopen the examination as to the Taxpayers, who are not parties to this action, is beyond the court's authority to grant.[7] Because the amended complaint puts forward claims which are either already before the court or are not within the court's jurisdiction, the motion for leave to file an amended complaint is denied.

The second procedural issue arises from plaintiff's untimely attempt, shortly before oral argument, to file a cross-motion for summary judgment. In substance, it merely puts in affirmative terms plaintiff's defense to the government's pending motion for summary judgment. At oral argument, plaintiff acknowledged that it does not wish this cross-motion to be addressed by the court in the current opinion. Accordingly, the attempted motion is to be returned unfiled, without prejudice to plaintiff's re-assertion of the motion in light of this opinion.

## DISCUSSION

Section 7623 of the Internal Revenue Code ("I.R.C.") provides that the Secretary of the Treasury may pay such sums as deemed necessary to informants for assistance in detecting underpayments of tax. I.R.C. § 7623 (Supp. III 1997). The implementing regulations delegate this authority to district or service center directors. *See* Treas.Reg. 301.7623–1T(a) (as amended in 1997).[8] By themselves, the statute and regulation do not permit an informant to insist on the payment of a reward. That determination is seen to be discretionary. *See Stack v. United States,* 25 Cl.Ct. 634, 637, *aff'd,* 983 F.2d 1088, 1992 WL 340886 (Fed.Cir.1992). The district or service center director can, however, create a contractual obligation to pay a reward. *See id.*

### I. The First Cause of Action

■ In the first cause of action, plaintiff contends that the government allocated the total recovery between tax and interest in such a way as to move an unreasonable amount of the recovery into the category of interest. Plaintiff is not entitled under the contract to a reward calculated on amounts collected as interest. He urges that there is sufficient evidence of bad faith conduct on the part of the IRS for the court to reject the agency's allocation between tax and interest

---

Although we deny plaintiff's motion for leave to amend its complaint, *see* text *infra,* we will later address plaintiff's claim for a share of defendant's recovery of the costs of prosecution because such claim is subsumed within the first count of its original complaint.

7. Plaintiff's counsel conceded at oral argument that he had been unable to find any authority to support the assertion that this court has authori-

ty to instruct the IRS on how to execute federal tax laws.

8. This temporary regulation, which governs rewards paid after January 29, 1997, took effect on October 14, 1997. *See* 62 Fed.Reg. 53,230, 53,-230 (1997). Plaintiff has asserted in his complaint that he filed his first written demand for payment on March 10, 1997.

and substitute its own assessment of a proper reward. During oral argument, however, counsel was unable to furnish the court with a clear standard for the court to apply in allocating between tax and interest.

The government does not deny that, in the present circumstances, the agreement of November 7, 1993 is binding on the IRS and that plaintiff was entitled to collect a reward if he complied fully. Instead, it argues that, assuming the plaintiff is entitled to recover at all,[9] he is limited to $1,763,188.88 because the contract explicitly states the reward is calculated on the monies collected by the IRS, less interest.

The government furnished a summary of the calculations in its supplemental brief. [ ][10] [ ]

It is true that the calculations furnished by the government offer no more than a superficial explanation of how the allocations were made. And government counsel was not able to offer much more assistance. Nevertheless, the court is of the view that it has a very limited role in evaluating plaintiff's argument. The plaintiff gave up, by contract, the right to see the calculations, and, under the agreement between the Taxpayers and the government, it was left to the agency as to how to make that allocation. The court's role, if any, is merely to ensure that the agency did not act in bad faith in making the allocation. In that respect, plaintiff cannot prevail. The calculations appear to be reasonable, with the minor exception noted above. *See supra* note 5. [ ]. The other indicia of bad faith offered by the plaintiff— allegations, for example, that the Moncriefs co-opted IRS agents—will not be considered by the court. Considering evidence completely collateral to the contract issue at bar would improperly embroil the court in substantive matters associated with a non-litigant and would improperly intrude on the agency's discretion in deciding whether and on what terms to settle a dispute. Accordingly, the government's motion for partial summary judgment as to the first cause of action is granted. If plaintiff can recover, it is limited to the contractually-calculated amount of $1,769,099.18.

■ One additional issue was raised in plaintiff's supplemental brief. That concerns the government's collection of an additional $108,000, not accounted for in the reward calculations. This amount was obtained by the agency from the Taxpayers as part of the plea agreement in connection with the criminal prosecution. It represents copying expenses of $103,000 arising from the seizure and copying of the Taxpayers' books and records, along with $5,000 in miscellaneous costs. The plea agreement states that the court would have been authorized under I.R.C. § 7206 to award to the agency "the costs of prosecution."

The agreement does not address directly how to treat recoveries of costs. The question posed is whether to include the $108,000 as a de facto fine or penalty—categories embraced by the agreement—or whether to leave costs out as deliberately excluded from the calculus. Plaintiff contends that the recovery should be treated as a fine or penalty and brought within the reward agreement. The court disagrees.

Section 7206 draws a clear distinction between fines and costs. Fines are punitive by nature. Costs, on the other hand, represent an effort to reimburse the agency for its out-of-pocket expenses. As government counsel pointed out during oral argument, if the plaintiff were entitled to recover a reward based on the government's prosecution costs, the government is not made whole. Nor would the government be getting a windfall if it retained all of the $108,000.

The court construes the reward agreement as not obligating the agency to include recoveries of costs as part of the sum from which the reward is calculated. The agency obligated itself to pay plaintiff from the amount collected as tax, fines, or penalties, assuming plaintiff is entitled to a recovery. The $108,-

---

9. For the purposes of adjudicating defendant's motion for partial summary judgment only, the court will assume that the information furnished by plaintiff about the Taxpayers [ ], and that plaintiff complied with all conditions of the agreement and was thus entitled to payment.

10. [ ]

000 at issue does come within the terms of the reward agreement.

## II. *The Second Cause of Action*

█ Nor is plaintiff entitled to additional monies based on an implied covenant to maximize the amount of the reward. The contract terms are clear: "The IRS will pay to the Informant amounts per the below-outlined schedule of the net taxes, fines and penalties (but not interest) *collected* from the Taxpayers...." Agreement ¶ 7, Compl. Ex. A (emphasis added). There is no question that the amount collected from the Taxpayers formed the basis of the calculation. In effect, what plaintiff is asking the court to do is to insert some new figure as the court's best estimate of what the IRS should have collected if it had been more diligent.

█ The IRS has a statutory duty to enforce the internal revenue laws. It does not have an independent duty to plaintiff to maximize the amount of his potential reward. Nor does the contract support such an obligation. The implied duty of good faith and fair dealing does not form the basis for wholly new contract terms, particularly terms which would be inconsistent with the express terms of the agreement. In substance, what that obligation means is that each party will cooperate in performance of the contract and will do nothing to hinder the other party's performance or expectations. Moreover, implying an obligation to make enforcement decisions in view of an informant's expectations would impermissibly involve the court in the internal affairs and judgments of an executive agency. The plaintiff's second cause of action thus fails.

## III. *The Third Cause of Action*

█ In his final cause of action, plaintiff seeks to be reimbursed for costs incurred defending himself in a civil litigation with Tex Moncrief which he claims was unnecessarily spawned by the IRS's improper disclo-

sure to the Moncriefs of plaintiff's identity. For purposes of considering the motion for partial summary judgment, the court will assume that plaintiff could prove that the IRS breached the agreement in this respect, and that the need to expend fees defending himself can be traced to the disclosure.[11] Defendant's position is that the claims were not within the contemplation of the parties at the time of signing the agreement and that they are inherently and impermissibly remote as a matter of law.

The court agrees. As defendant points out, this circuit has been reluctant to treat litigation expenses as a item of contract damage. *See Kania v. United States*, 227 Ct.Cl. 458, 467, 650 F.2d 264, 269, *cert. denied*, 454 U.S. 895, 102 S.Ct. 393, 70 L.Ed.2d 210 (1981); *Goolsby v. United States*, 21 Cl.Ct. 88, 91–92 (1990); *Albemarle Bank & Trust Co. v. United States*, 12 Cl.Ct. 704, 706–07 (1987), *aff'd mem.*, 845 F.2d 1034, 1988 WL 12104 (Fed.Cir.1988). While it could certainly be the case in some circumstances that parties to an agreement would anticipate suits from third parties for non-performance,[12] here, the nature of the government's primary obligation was to pay plaintiff for information. The obligation to maintain discretion was secondary, and the concerns implied by this obligation are accordingly less clear. The concerns may equally have been motivated by a concern for personal safety or to prevent embarrassment. In addition, the nature of the damages are such that the court has virtually no way to assess their reasonableness, short of being directly involved in the Moncriefs' claims. The claim is inherently open-ended. The court thus has great reluctance to permit damages to flow under these circumstances from the actions of a third party—Charles Moncrief—absent some clearer expression in the contract that the IRS was assuming the risk of collateral litigation. Accordingly, defendant's motion for summary judgment as to the third cause of action is granted.

---

**11.** The court does not attach any significance to plaintiff's characterization of damages in the third cause of action as "consequential." If they are unrecoverable as a matter of law, it is not because of the captioning in the complaint.

**12.** *See, e.g., Terteling v. United States*, 167 Ct.Cl. 331, 340, 334 F.2d 250, 255–56 (1964). The court in *Terteling* found that the government had directly warranted the availability of a gravel pit without cost to the contractor.

## CONCLUSION

Plaintiff's motions for leave to file an amended complaint and for leave to file a cross motion for summary judgment are denied. Defendant's motion for partial summary judgment is granted. The second and third causes of action are dismissed. The first cause of action is limited to a maximum recovery of $1,769,099.18.