Billy W. JARVIS, Plaintiff,

v.

The UNITED STATES, Defendant.

No. 97–806T.

United States Court of Federal Claims.

Aug. 16, 1999 *.

* This order was originally filed under seal on May 13, 1999. It directed the parties to file a joint status report indicating whether this order could be released for public dissemination in whole or with proposed redactions. Defendant filed a report on May 19, 1999, indicating that it believes the order can be released without redaction. Plaintiff filed its status report on June 3, 1999, but did not indicate any opposition to releasing the order in whole. Accordingly, the order is released for publication without redaction.

---

John D. Copeland, Dallas, Texas, for plaintiff.

Michael F. Cox, U.S. Department of Justice, Washington, D.C., with whom were Assistant Attorney General Loretta C. Argrett, Chief, Court of Federal Claims Section, Mildred L. Seidman, and Assistant Chief Thomas D. Sykes, U.S. Department of Justice, Washington, D.C., of counsel, for defendant.

## ORDER ON MOTION FOR RECONSIDERATION

BRUGGINK, Judge.

On March 31, 1999, the court granted the government's motion for summary judgment as to the second and third causes of action. Pending is plaintiff's motion for rehearing or reconsideration with respect to dismissal of the third cause of action, in which the plaintiff seeks recovery of costs incurred in defending himself in civil litigation with Charles Moncrief, litigation he alleges was spawned by the I.R.S.'s improper disclosure of plaintiff's identity as a confidential informant. This disclosure is asserted to be a breach of the agency's reward agreement with plaintiff.

The thrust of the motion for reconsideration is that the prior ruling—that these litigation expenses are non-recoverable as a matter of law—is erroneous. Plaintiff contends that the ruling overlooks a potential factual dispute as to whether the parties foresaw in their negotiations that such damages were possible and thus that a consequence of breach should be recovery of such costs. Plaintiff relies specifically on his account of events leading up to the agreement and on the affidavit of a former attorney, Samuel W. Graber. Although the court assumes that the plaintiff could establish as a

fact that the parties to the agreement knew that plaintiff was concerned about being sued by Charles Moncrief or the other taxpayers on whom he informed, the court will not alter its prior ruling that, as a matter of law, attorneys fees from collateral litigation would not be recoverable.

■ As explained in the earlier opinion, we begin with the general proposition that attorney fees are not recoverable in litigation, absent some specific statutory or contractual exception. *See Alyeska Pipeline Serv. Co. v. Wilderness Soc'y*, 421 U.S. 240, 257, 95 S.Ct. 1612, 44 L.Ed.2d 141 (1975). The primary statutory exception applicable in suits against the United States, the Equal Access to Justice Act, 28 U.S.C. § 2412(d) (1994 & Supp. II 1996), would not be available here, as the fees plaintiff seeks to collect were not incurred in prosecuting the pending action. Nor are legal expenses as consequential damages of a breach of contract normally recoverable. *See, e.g., Kania v. United States*, 227 Ct.Cl. 458, 466, 650 F.2d 264, 269, *cert. denied*, 454 U.S. 895, 102 S.Ct. 393, 70 L.Ed.2d 210 (1981); *Albemarle Bank and Trust Co. v. United States*, 12 Cl.Ct. 704 (1987), *aff'd mem.*, 845 F.2d 1034 (Fed.Cir. 1988).

■ The agreement in the case at bar does not contain an explicit indemnification clause. It does, however, state that "[t]he Informant understands that at some point in the judicial or administrative process the Informant's true identity may become public knowledge. No IRS official will disclose the Informant's identity unless required by law or ordered by a federal judge or magistrate to do so." Plaintiff now offers affidavits to the effect that fear of retaliation, even litigation, was a concern prompting that provision. Nevertheless, even if a contractual provision requiring indemnification could be implied from the dealings between the parties, the implied term could not operate to bind the government and this court thus could not award contract damages for its breach. *See Hercules, Inc. v. United States*, 25 Cl.Ct. 616, 633 (1992), *aff'd*, 24 F.3d 188 (Fed.Cir.1994), *aff'd*, 516 U.S. 417, 116 S.Ct. 981, 134 L.Ed.2d 47 (1996). Open-ended liabilities would violate the Anti–Deficiency Act, 31 U.S.C. § 1341 (1994), and would be unauthorized as a matter of law. *See Hercules*, 516 U.S. at 427, 116 S.Ct. 981. Reading the agreement to include such a promise would thus be strongly disfavored because government officials are presumed to have knowledge of the Anti–Deficiency Act and its prohibition on open-ended indemnity for third-party liability. *See id.* at 426–28, 116 S.Ct. 981. Absent an express acceptance of an obligation of indemnification, *see Terteling v. United States*, 167 Ct.Cl. 331, 340, 334 F.2d 250, 255–56 (1964), the court will not insert such a promise.

The new materials plaintiff offers confirm the prior decision. Defendant would no doubt attempt to show that the litigation would have occurred even if there had been no disclosure by an IRS agent. In his most recent affidavit, plaintiff recites circumstances which strongly suggest he would have been sued in any event:

The Moncrief tax lawyers used the civil litigation to get information that would be useful in defending the criminal tax case. In March 1995 Jarvis was subpoenaed to have his deposition taken in litigation over an oil and gas dispute. Jarvis tried to resist having his deposition taken, because of his obligation under the reward Agreement not to disclose information about the tax investigation. The first deposition was canceled. A few months later, he was subpoenaed again, this time in the Mike Moncrief case. His attorney resisted, but the State Court would not quash the deposition subpoena. Assistant U.S. Attorney Richard Roper asked the State Court to postpone Jarvis' deposition, but the Court would not do so. Charles Moncrief's calendar notes on August 14, 1995 indicate that he thought it was very strange that the Assistant U.S. Attorney should be protecting Jarvis. The Moncriefs suspected that Jarvis had given information to Mike and began to suspect that he was also cooperating with the IRS. Jarvis was an obvious witness the IRS would want to interview and it would not be surprising if he furnished evidence to the IRS.

Jarvis Aff. of Apr. 30, 1999, at 7.

Indeed, Jarvis recites that Charles Moncrief faxed a copy of the cooperation agree-

ment to Mike Sanders, the alleged violator of the secrecy provision, because Sanders "had not seen it." *Id.* at 8. There is no question that permitting the plaintiff to pursue the third cause of action, and forcing the government to defend against it, would either embroil this court in the subject of other litigation (much of it involving confidential information), or it would prejudice the defendant by precluding it from attempting to rebut an allegation of causation.

Furthermore, plaintiff's counsel characterizes the civil action against his client as "baseless litigation." The court would, in effect, be asked to award damages against the government for conduct by third persons amounting to an abuse of process, and for unauthorized disclosures by a government agent. This is confirmed by plaintiff's claim that he has lost income as a result of disruption of his business and damage to his reputation. These alleged actions partake sufficiently of a tortious character that damages flowing from their combined impact are simply too remote as a matter of law.

For these reasons, the court declines to reopen the opinion of March 31, 1999 for reconsideration.

Also pending are plaintiff's motion to compel production of documents pursuant to a *subpoena duces tecum* issued to Bruce Mason on February 5, 1998 in connection with his deposition, and the motion to compel production responsive to plaintiff's first set of requests for production of documents. The government refused to produce any documents at the deposition and only some documents in response to the request for production. Subsequent to those refusals, the court granted the government's motion for sum-

mary judgment or dismissal as to two of the three causes of action. Because the documents requested, as counsel candidly admitted during the telephonic status conference of May 7, 1999, are primarily relevant to the third cause of action, the court denies both motions without prejudice to plaintiff re-initiating a motion to compel if it believes documents relevant to the first cause of action have been improperly withheld.[1]

The parties are directed to file a joint status report on or before May 28, 1999 indicating whether this order can be released for public dissemination in whole or with proposed redactions.

---

1. On May 5, 1998, the court precluded discovery with respect to several aspects of plaintiff's action, including discovery relating to Counts Two and Three of plaintiff's complaint. Shortly thereafter, on May 12, 1998, the court directed the defendant to submit documents pertaining to the I.R.S.'s calculation of damages for *in camera* review. On October 21, 1998, the court granted defendant's motion for a protective order to protect the confidentiality of any third-party taxpayer documents disclosed during discovery. The order recognized, however, that "[n]othing in this order shall relieve any officer or employee of the United States of his or her obligations under

I.R.C. § 6103 to maintain the confidentiality of taxpayer returns and return information." Order of Oct. 21, 1998, at 3. Defendant's responses to plaintiff's first set of requests for production of documents objected to the production of certain documents and asserted that the withheld documents contain information protected by I.R.C. § 6103. Defendant's objections thus appear to be supported by the quoted provision of the protective order, and by the terms of the informant agreement, which contemplates very limited access by plaintiff to information about how the putative award amount was calculated.