# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 00-3794EA

_____

| | | |
|---|---|---|
| Winston G. Chandler, | * | |
| | * | |
| Appellant, | * | |
| | * | |
| v. | * | On Appeal from the United |
| | * | States District Court |
| United States Air Force, Secretary; | * | for the Eastern District |
| Raymond H. Weller, Chief of | * | of Arkansas. |
| Correction Board, United States Air | * | |
| Force; Martha Maust, Panel Chair, | * | |
| United States Air Force, | * | |
| | * | |
| Appellees. | * | |

_____

Submitted: April 27, 2001

Filed: June 26, 2001

_____

Before MORRIS SHEPPARD ARNOLD, RICHARD S. ARNOLD, and FAGG,
Circuit Judges.

_____

RICHARD S. ARNOLD, Circuit Judge.

Major Winston G. Chandler brought this action alleging that during his military career an Air Force mistake prevented him from receiving promotions due him, and that the Air Force Board for Correction of Military Records (Board) failed to correct the mistake pursuant to the Reserve Officer Personnel Act of 1954. The District Court dismissed Major Chandler's claim as time-barred under 28 U.S.C. § 2401(a). On

reconsideration, the Court added that, pursuant to the Little Tucker Act, 28 U.S.C. § 1346, the Court of Federal Claims, rather than the District Court, has jurisdiction over Major Chandler's claim. We affirm in part and reverse and remand in part.

Major Chandler served as a commissioned officer from 1944 through his retirement in 1966. In 1983, discovering retrospectively the Air Force's failure to grant him the sequence of promotions to which he believed he was entitled, Major Chandler submitted to the Board a formal application for correction pursuant to 10 U.S.C. § 1552 (allowing the Board, at the discretion of the Secretary of the Air Force, to correct errors and remove injustices from military records and, when it finds error, to award retroactive promotions and back pay). Following administrative consideration, the Board denied his claim, concluding he had not shown either that he was eligible for an earlier promotion or that he had been placed in the wrong "promotion zone." Major Chandler again brought the matter before the Board in 1995 and was again denied relief; he sought reconsideration, and the Board, after review on the merits, delivered a third adverse decision in March 1999. Major Chandler filed this action in July 2000.

In providing for the establishment of military boards of review, Congress exercised its authority over the military granted in Art. I, § 8 of the Constitution and long recognized by courts. See Chappell v. Wallace, 462 U.S. 296, 300-04 (1983) ("special and exclusive system of military justice" provides appropriate redress for military complaints). This Court has previously determined that matters affecting military discipline are nonjusticiable, see Watson v. Ark. Nat'l Guard, 886 F.2d 1004, 1008-09 (8th Cir. 1989). We agree with the District Court that it cannot grant Major Chandler a promotion to Lieutenant Colonel, the rank which he claims. This does not mean, however, that the District Court was without jurisdiction in the matter. Under the Administrative Procedure Act, 5 U.S.C. §§ 701-06, the District Court has authority to review the decisions of military review boards to determine whether they are arbitrary, capricious, not supported by substantial evidence, or contrary to law. See Chappell, 426 U.S. at 303; Watson, 886 F.2d at 1008 n.10; see also Kreis v. Secretary

of the Air Force, 866 F.2d 1508, 1513-15 (D.C. Cir. 1989).  Because Major Chandler has waived any request for monetary damages in excess of $10,000, we perceive no impediment to the District Court's jurisdiction.  See 28 U.S.C. § 1491 and § 1346(a)(2) (Court of Federal Claims has jurisdiction over non-tort civil actions against the United States; district courts have jurisdiction over such claims not exceeding $10,000).

Moreover, Major Chandler's action was timely for purposes of such review, since it was brought within six years of the Board's 1999 decision.  See 28 U.S.C. § 2401(a) (6-year limitations period); Kinsey v. United States, 852 F.2d 556, 557 (Fed. Cir. 1988) (claim against United States first accrues "on the date when all the events have occurred which fix the liability of the Government and entitle the claimant to institute an action").  The regulations which govern the Board's procedures provide for motions for reconsideration, and fix no time limit within which such motions may be filed.  When the Board, for the third time, rejected the plaintiff's request, it did so only after reexamining the merits of his claim under the Reserve Officer Personnel Act.

Although the District Court may review the Board's decision, we see no basis for a cause of action against the two named individuals.  See Chappell, 426 U.S. at 300-04.  Accordingly, we affirm the dismissal as to the individual defendants, we reverse as to the Air Force, and we remand to the District Court for further proceedings consistent with this opinion.  On remand, the District Court should proceed to decide Major Chandler's claim under the Reserve Officer Personnel Act, using the standards set forth in the Administrative Procedure Act.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.

-3-