**Lester H. COOK, Louis Montalto, George T. Delano, Carrol Rogers, Richard M. Deasy, Wilfred T. Sullivan, and Charles M. Krause, Plaintiffs–Appellees,**

**v.**

**The UNITED STATES, Defendant–Appellant.**

**Appeal Nos. 87–1606, 88–1055.**

United States Court of Appeals, Federal Circuit.

Aug. 29, 1988.

Ira M. Lechner, Washington, D.C., argued, for plaintiffs-appellees.

Suzanne M. Skinner, Asst. U.S. Atty., Brooklyn, N.Y., argued, for defendant-appellant. With her on the brief, were Andrew J. Maloney, U.S. Atty., E.D. N.Y., and Robert L. Begleiter, Asst. U.S. Atty.

Before MARKEY, Chief Judge, NICHOLS, Senior Circuit Judge, and NIES, Circuit Judge.

NICHOLS, Senior Circuit Judge.

This suit,* appealed from the United States District Court for the Eastern Dis-

---

\* Lester H. Cook, Louis Montalto, George T. Delano, Carrol Rogers, and Richard M. Deasy have been dismissed in order to avoid problems of double recovery. Wilfred T. Sullivan and Charles M. Krause were dismissed on the ground of primary jurisdiction. Others have been added. The judgment under review here named Michael G. Martin, Arthur F. Koen-

trict of New York, Civil Action No. CV–85–1467 (Weinstein, C.J.), is one of several companion cases brought by federal civilian fire fighters against the government under the Fair Labor Standards Act of 1938 (FLSA), 29 U.S.C. §§ 201–19, *as amended* in 1974, Pub.L. No. 93–259, § 6(c)(1)(A), 88 Stat. 55, and under the Little Tucker Act, 28 U.S.C. § 1346(a)(2). The court entered a final summary judgment deciding remaining issues, except the names of party plaintiffs. After discovery, it is expected there will be thousands (including those in companion cases), though this expectation depends for fulfillment on the court's decision whether or not to toll the statute of limitations on equitable grounds, as stated in our previous decision, on the interlocutory appeal, *United States v. Cook,* 795 F.2d 987, 994 (Fed.Cir.1986). There also remains the quantum awardable to each one. The case has been before us on the interlocutory appeal, above cited, and the succinct statement of background facts there provided, *id.* at 988–90, enables us to omit a "background" statement here. The claims are for liquidated damages under section 216(b) of the Act, the claimants having been paid already the statutory overtime inuring to them, including deficiencies attributable to official misinterpretation of the peculiar provisions of 29 U.S.C. § 207 which deal with the special problems arising from the manner firemen must remain on call at their stations when not fighting fires.

The questions we must decide are (1) whether the ordinary 29 U.S.C. § 255(a) two-year period of limitations is applicable, or whether that statute extends the time to three years because the violations were "willful" as held in the trial court; (2) when the claims accrued for statute of limitations purposes; and (3) whether an award of counsel fees might be made without abuse of discretion, though it was disproportionately large with respect to the claims of the present named plaintiffs, and is justified largely by the benefit from counsel's efforts to the thousands of class members expected to become parties to this or other suits. We reverse the decision of the trial court as to willfulness, affirm its holding that no claim accrued before September 22, 1983, when the government for the first time furnished a corrected wage study of standards prevailing with respect to state and local firemen, and affirm the award of counsel fees.

## *Discussion*

### I

#### A. *The Willfulness Issue*

■ The correct interpretation of the Act was no longer in issue when the court decided willfulness, nor was it disputed the Labor Department had failed to determine the statutory overtime of government firemen as the 1974 statute, *supra,* required that it should. Those amendments extended the FLSA to employees of public agencies, federal and state. As to fire fighters, it required the Secretary of Labor to make a study showing the average length of tours of duty of publicly employed fire fighters. The results were to be used as a basis to determine how many hours could be worked before overtime liability began. The Secretary, in mistaken reliance on *National League of Cities v. Usery,* 426 U.S. 833, 96 S.Ct. 2465, 49 L.Ed.2d 245 (1976) (overruled by *Garcia v. San Antonio Metropolitan Transit Authority,* 469 U.S. 528, 105 S.Ct. 1005, 83 L.Ed.2d 1016 (1985)), omitted state and local fire fighters from the study, resulting in an overstatement of the number of allowable overtime-free hours. The mistake is conceded today to have been a mistake, even before the decision overruling *National League of Cities.* But no litigant has suggested it was not a good faith mistake. Considering the presumed good faith of government officials, *Union Pacific Railroad Co. v. United States,* 847 F.2d 1567, 1571 (Fed.Cir.1988); *Knotts v. United States,* 128 Ct.Cl. 489, 121 F.Supp. 630 (1954), unfortunate as the error was, it must be taken as an example

mund, John M. Harnedy, and Thomas E. Reed as those whose motion for partial summary judgment was granted.

of what occurs very often, an overreaction to a Supreme Court decision.

The district court held *on summary judgment*, without testimony or fact findings, that the various government agencies that failed to conform fully with FLSA on Labor Department advice, did so willfully. This reflects practically a *per se* rule that any government agency that employs civilians and does not compensate them as the FLSA is afterwards held to require, violates willfully. It was not shown in any way what a federal agency might do if it mistrusted the expertise of the Secretary of Labor as to the often labyrinthine requirements of the FLSA, or that it would not always worsen its troubles by substituting its own expertise for his or hers. We note that since the decision of the trial court, the Second Circuit law was announced that *failure* to seek the advice of the Secretary of Labor establishes a willful violation. *Russo v. Trifari, Krussman & Fishel, Inc.*, 837 F.2d 40 (2d Cir.1988); *Brock v. Wilamowsky*, 833 F.2d 11 (2d Cir.1987).

The explanation of the decision of the trial court probably resides in the influential Fifth Circuit case of *Coleman v. Jiffy June Farms, Inc.*, 458 F.2d 1139, 1142 (5th Cir.1971), *cert. denied*, 409 U.S. 948, 93 S.Ct. 292, 34 L.Ed.2d 219 (1972), which established a standard of willfulness as: "Did the employer know the FLSA was in the picture?" Of course, some small employer may never have heard of the FLSA, but it becomes implausible in case of a large one and impossible in the case of the United States Government, which has the United States Department of Labor in its midst and at its elbow. *Jiffy June* is cited in the Second Circuit as authority as recently as *Brock v. Wilamowsky*.

The United States Supreme Court has now emphatically rejected the *"Jiffy June"* standard, with various others we need not discuss. *McLaughlin v. Richland Shoe Co.*, — U.S. —, 108 S.Ct. 1677, 100 L.Ed.2d 115 (1988). We were waiting for that decision and hoped to be guided by it, especially since we were not already committed to any of the vagaries

other circuits have floated. The Court criticizes *Jiffy June* on the ground we apply above to the district court in the present case, *i.e.*, that it really establishes a *per se* rule that every violation is willful. The Court's new standard is, it is willful "if the employer either knew or showed reckless disregard for the matter of whether its conduct was prohibited by the statute," following the rule already established for interpretation of the Age Discrimination in Employment Act in *Trans World Airlines, Inc. v. Thurston*, 469 U.S. 111, 125–30, 105 S.Ct. 613, 623–26, 83 L.Ed.2d 523 (1985). It is clear *Jiffy June* is no longer Second Circuit law, and the happenstance the case comes from there does not affect the result.

As regards the case of a federal agency that has in good faith accepted and followed the advice of the Secretary of Labor, we think a new *per se* rule is now appropriate; given these facts, that any mistake in responding to the demands of the FLSA is not willful. It is not at all apparent what triable issue would remain as to the agency's willfulness. Accordingly, we do not think a remand is needed to conduct a factual inquiry. Such a remand was made in *Brock v. Richland Shoe Co.*, 799 F.2d 80 (3d Cir.1986), the lower court decision affirmed in the Supreme Court's *Richland Shoe*. The Third Circuit had, on authority of *Thurston*, reversed a district court decision following *Jiffy June*. It was a private employer and there was no showing of advice from the Labor Department, so there was no basis for a *per se* rule, and the employer itself urged that summary judgment was inappropriate. If this distinction is correct, summary judgment remains available on the willfulness issue, if at all only for the employer, not the employee as it was under *Jiffy June*.

The Supreme Court dissenters in *Richland Shoe* would not follow the *Jiffy June* standards. Apparently no party or Justice favored it. They would require the delinquent employer to have had a "reasonable basis" for not following the Act as later construed, a difference acknowledged to be small.

## II

### B. *Accrual Date of Claim*

■ The district court held that "the cause of action accrued on September 22, 1983, when the OPM published the results of the recomputed study of hours of work * * *." While the Court does not expressly so state, we suppose it means that nonpayment of legal overtime before the stated date did not accrue a claim without more. This is contrary to the usual rule, *i.e.*, that a claim for unpaid overtime under the FLSA accrues at the end of each pay period when it is not paid. *Beebe v. United States*, 226 Ct.Cl. 308, 640 F.2d 1283 (1981). However, in the specific circumstances of this case, the right of fire fighters to statutory overtime depended on a condition precedent, the performance of the Secretary's study. This was not true of *Beebe*, which related to an earlier period. If the Secretary did not do it at all, or did it incorrectly, the remedy of the fire fighters was in the nature of prospective relief, not money claims. They, some of the present plaintiffs, and some others, obtained prospective relief in *Jones v. Donovan*, 25 WJ Cases 380, 392 (D.D.C.1981), wherein the well known United States District Judge Gasch, ordered the Secretary to redo the job according to principles that court propounded and which all parties now accept. September 22, 1983, was the date when it was done right. It does not look as if, lacking a measured or measurable pay claim, fire fighters could earlier have prosecuted suits for back pay under the Tucker Act, 28 U.S.C. §§ 1346, 1491, because they could not have stated a claim under the Back Pay Act, 5 U.S.C. § 5596. *United States v. Fausto*, — U.S. —, 108 S.Ct. 668, 98 L.Ed.2d 830 (1988); *United States v. Testan*, 424 U.S. 392, 96 S.Ct. 948, 47 L.Ed.2d 114 (1976). Under these circumstances, the trial court rightly held that claims did not accrue before September 22, 1983, and as they could not have been sued on, they did not start the limitation period running. The trial court judgment should be modified on the remand to show that claims, if any for pay periods after September 22, 1983, did not accrue until the end of those pay periods. We are not certain there are none. Anyone who opted to join the case after September 22, 1985, can be a party only if the court tolls the statute of limitations in his behalf.

## III

### C. *Counsel Fees*

■ The United States argues the fee award was excessive; implicitly it admits that an award in some amount was appropriate and timely. The statute authorizing the fee, 29 U.S.C. § 216(b), provides that the court "in addition to any judgment awarded to the plaintiff or plaintiffs" shall "allow a reasonable attorney's fee to be paid by the defendant." Defendant cites a Civil Rights case, *Johnson v. Georgia Highway Express, Inc.*, 488 F.2d 714 (5th Cir.1974). Defendant asserts that the court failed to consider two "Johnson Factors" that militated against a fee of the size awarded. One was "No. (2) *The novelty and difficulty of the questions.*" Another was "No. (8) *The amount involved and the results obtained.*" *Id.* at 718. We think defendant is really trying to tell us that the fee, as approved, is an anticipation of claims counsel will have against the thousands of persons who are expected to opt to become parties, and who may have limitations tolled in their behalf, it may be in one of the companion cases, not this one. We note, however, that such persons will come into cases already decided in their favor except for what we hope will be ministerial determinations. There is no claim for fees for work not yet done, and there will be no further claim for work compensated by this fee award in this or related cases. The claims of the four-named plaintiffs in the judgment cannot possibly equal the award, considering that under the Little Tucker Act they could not recover over $10,000 each.

With respect to novelty and difficulty of the questions, this case has been in this court twice on defendant's appeals and we have not found it easy and simple. It is of course true that the decisions in *Jones v. Donovan* settled some threshold questions, but we are unable to say they left nothing for the trial court or us to do.

852

As to the eighth factor, we do not deem it an abuse of discretion to look past the named plaintiffs in measuring the magnitude of results.

In view of the possibility, however remote, that no plaintiff in this suit will recover anything, we add that the jurisdiction to award counsel fees is lost if no plaintiff *in this case* enjoys a recovery to which the fee is "in addition." Our conclusion is that no abuse of discretion is shown by appellant, and we therefore affirm on the fee issue.

## IV

### Conclusion

With respect to the length of the limitations period, we reverse and remand with directions to ascertain who is now a party, and the damages, if any, to be recovered by any party on the basis that the limitations period is two years, not three, subject to tolling if the court so holds. With respect to the accrual issue, we affirm with directions to modify as shown. We affirm the fee award, subject to the caveat that no award is owing unless some plaintiff recovers something *in this case.*

### Costs

Each party to bear his own costs.

AFFIRMED IN PART, REVERSED IN PART, AND REMANDED.