RADER, Circuit Judge.
 

 This case is a consolidation of several cases against the Government brought by Mr. Charles M. Doyle and other federal civilian firefighters and law enforcement personnel. These federal personnel sought liquidated damages as compensation for the Government’s delays in paying overtime. The United States Claims Court refused to toll the two-year statute of limitations and dismissed these suits.
 
 Doyle v. United States,
 
 20 Cl.Ct. 495 (1990). This court affirms.
 

 BACKGROUND
 

 The Claims Court set forth in detail the facts and relevance of related cases.
 
 Doyle,
 
 20 Cl.Ct. at 497-98. This opinion therefore provides a summary.
 

 
 *1548
 
 The 1974 Fair Labor Standards Act amendments (1974 amendments) granted federal firefighters and law enforcement officers overtime pay. Fair Labor Standards Act of 1938 (FLSA), 29 U.S.C. §§ 201-19, as amended in 1974, Pub.L. No. 93-259 § 6(c)(1)(A), 88 Stat. 55. The overtime pay applied to hours worked after January 1, 1978 which exceeded either 216 hours in a 28-day period or “the average number of hours” worked in similar periods in 1975. 29 U.S.C. § 207(k)(l) (1988). The 1974 amendments required the Secretary of Labor (Secretary) to conduct a study to determine the average hours in 1975. The Secretary’s study, however, disregarded hours worked by state and local personnel, compiling the average solely on the basis of hours worked by federal employees. This study set the 1975 average at 216 hours for firefighters and 186 hours for law enforcement personnel.
 

 Federal employees challenged the study.
 
 Jones v. Donovan,
 
 25 Wage & Hour Cas. (BNA) 380, 1981 WL 2300 (D.D.C.1981),
 
 aff’d mem.,
 
 675 F.2d 1340 (D.C.Cir.1982)
 
 {Jones I).
 
 The district court ordered the Secretary to recompute the overtime standards including state and local data. The Secretary’s revised study reduced the average hours to 212 and 171 respectively.
 

 Based on the new study, the Office of Personnel Management (OPM) ordered federal agencies to award their personnel overtime back pay. Federal Personnel Manual (FPM) Letter 551-20, September 22, 1983. In late 1983, the Government began to make lump sum payments for overtime, retroactive to January 1978. These payments did not include interest. At this point, many federal employees filed suits seeking liquidated damages for the Government’s delay in making the required payments.
 
 See, e.g., Jones v. Donovan,
 
 26 Wage & Hour Cas. (BNA) 1602, 1984 WL 3193 (D.D.C.1984)
 
 (Jones II); Lanehart v. Marshall,
 
 26 Wage & Hour Cas. (BNA) 1654 (D.Md.1984).
 

 Seven firefighters filed such a suit in the Eastern District of New York.
 
 Cook v. United States,
 
 No. CV85-1467 (E.D.N.Y. Dec. 23, 1985). The district court awarded liquidated damages, tolled the two-year statute of limitations, and ordered the Government to produce the names of employees to whom it had paid overtime. On appeal, this court affirmed the district court’s order compelling the production of names, but remanded the case for consideration of the tolling question.
 
 United States v. Cook,
 
 795 F.2d 987 (Fed.Cir.1986)
 
 (Cook I).
 

 On remand, the district court granted summary judgment for plaintiffs. The court decided that plaintiffs’ claims accrued when OPM published the results of the Secretary’s new study in September 1983. The trial court further determined that the Government willfully refused to pay overtime, thus invoking the three-year statute of limitations of 29 U.S.C. § 255(a) (1988).
 
 [1]
 

 United States v. Cook,
 
 unreported (E.D.N. Y.1985).
 

 When the case returned on appeal, this court upheld the district court’s accrual date, but reversed its determination that the Government’s actions were willful.
 
 Cook v. United States,
 
 855 F.2d 848 (Fed.Cir.1988) (Co
 
 ok II).
 
 Thus, section 255(a)’s two-year statute of limitations applied to the
 
 Cook II
 
 plaintiffs. This court remanded for computation of damages and for consideration of the tolling of the statute. The district court transferred the remaining claims to the Claims Court.
 
 Cook v. United States,
 
 No. CV85-1467 (E.D.N.Y. June 12, 1987). The Claims Court consolidated plaintiffs’ claims with the claims of Doyle and other workers.
 

 
 *1549
 
 The Claims Court found that plaintiffs in the^consolidated cases filed their complaint on November 14, 1985, more than two years but less than three years after the accrual date. This finding required dismissal of the suit as untimely under the two-year statute. The Claims Court granted the Government’s cross-motion for summary judgment and dismissed all the complaints. The Claims Court found no basis for tolling the statute of limitations or for awarding liquidated damages. Plaintiffs appealed.
 

 DISCUSSION
 

 Section 1295(a)(3) of Title 28 United States Code gives this court jurisdiction over the Claims Court’s grant of summary judgment. This court is not bound by the Claims Court’s ruling that no material facts were in dispute.
 
 Mingus Constructors, Inc. v. United States,
 
 812 F.2d 1387, 1390 (Fed.Cir.1987). Rather, this court reviews the Claims Court’s grant of summary judgment
 
 de novo,
 
 construing the facts in this case in a light most favorable to the federal employees.
 
 Id.
 
 at 1391.
 

 Tolling the Statute of Limitations
 

 The FLSA protects claimants by providing for an automatic one-year extension of the statute of limitations in the case of a willful violation. Furthermore, a trial court must grant the victims of a willful violation liquidated damages. In
 
 Cook II,
 
 this court stated:
 

 As regards the case of a federal agency that has in good faith accepted and followed the advice of the Secretary of Labor, we think a new
 
 per se
 
 rule is now appropriate; given these facts, that any mistake in responding to the demands of the FLSA is
 
 not willful.
 

 Cook II,
 
 855 F.2d at 850 (emphasis added). The Claims Court determined that the Government relied in good faith on the Secretary’s overtime rules and did not willfully violate the FLSA.
 
 Doyle, 20
 
 Cl.Ct. at 499. In the absence of willfulness, the statute of limitations for FLSA violations is two years. 29 U.S.C. § 255(a).
 

 Even after issuance of the OPM directive in September 1983, the Government apparently did not immediately begin making overtime payments. This court in
 
 Cook II
 
 considered post-September 1983 claims. This court’s ruling on the Government’s good faith applied to those claims as well. The Claims Court correctly rejected the notion that claims arising after the OPM directive are
 
 per se
 
 willful. Instead the Claims Court followed this court’s direction:
 

 With respect to the length of the limitations period, we reverse and remand with directions to ascertain who is now a party, and the damages, if any, to be recovered by any party on the basis that the limitations period is two years, not three, subject to tolling if the court so holds.
 

 Cook II,
 
 855 F.2d at 852.
 

 The Claims Court found that OPM’s September 22, 1983 letter notified plaintiffs that the FLSA granted them back overtime pay. From that time, according to the Claims Court, the federal workers “had adequate opportunity to know of their claims against defendants and the opportunity, within a reasonable time, to file such claims.” 20 Cl.Ct. at 501. On this basis, among others, the Claims Court denied equitable tolling of the statute of limitations. This court discerns no material issues of fact or errors of law in the Claims Court’s actions.
 

 In
 
 Cook I,
 
 this court upheld an order compelling production of the names of potential plaintiffs in overtime back pay cases. The Claims Court found, however, that the OPM directive gave plaintiffs actual notice of entitlement to back pay.
 
 Doyle,
 
 20 Cl.Ct. at 501. In light of this actual notice, the discovery order sustained in
 
 Cook I
 
 did not change the accrual date for plaintiffs’ claims. The Claims Court correctly saw no need to toll the statute of limitations pending production of names.
 

 The trial court’s correct decision to apply the two-year statute of limitations renders most of the claims in this case untimely. However, because this court in
 
 Cook II
 
 acknowledged the possible existence of claims continuing beyond the statutory lim
 
 *1550
 
 it, this court also examines the FLSA’s statutory remedy.
 

 Liquidated Damages
 

 In
 
 Cook II,
 
 this court recognized that FLSA claims might continue to arise after September 1983.
 
 Cook II,
 
 855 F.2d at 851. This court remanded the case to the district court to determine which “claims, if any, for pay periods after September 22, 1983, did not accrue until the end of those pay periods.”
 
 Id.
 
 The causes of action arising out of this application of the continuing claims doctrine would “not accrue until the end of those pay periods.”
 
 Id.
 
 Upon accrual, these claimants might seek liquidated damages under 29 U.S.C. § 216(b) (1988).
 
 [2]
 

 For these continuing claims, this court must examine eligibility for liquidated damages. Section 216(b) states that an employer in violation of FLSA obligations “shall be liable” to its employee for liquidated damages in the amount of the unpaid overtime or wages. When an employer violates an FLSA obligation in good faith, however, section 260 grants a court discretion to award or withhold liquidated damages.
 
 [3]
 

 This discretion to award liquidated damages, however, does not extend to a liquidated damages award for interest or delay damages against the United States.
 
 Library of Congress v. Shaw,
 
 478 U.S. 310, 106 S.Ct. 2957, 92 L.Ed.2d 250 (1986). In
 
 Shaw,
 
 the Supreme Court held that Congress must expressly waive the Government’s sovereign immunity from suits for interest payments before claimants can recover interest or delay damages. 478 U.S. at 319, 106 S.Ct. at 2964. Neither § 216 nor § 260 expressly waives the Government’s sovereign immunity against interest. Sections 216 and 260 do not refer to interest. These sections authorize payment of liquidated damages, not interest. Moreover, Congress specifically codified this principle as part of the Claims Court’s procedural mandate. Section 2516(a) of Title 28 U.S.C. states:
 

 (a) Interest on a claim against the United States shall be allowed in a judgment of the United States Claims Court only under a contract or Act of Congress expressly providing for payment thereof.
 

 In this case, no contract or Act of Congress expressly provides for recovery of interest.
 

 To the extent plaintiffs seek damages for delay,
 
 Shaw
 
 bars recovery. In
 
 Shaw,
 
 the Supreme Court drew no distinction between interest and delay damages:
 

 But the force of the no-interest rule cannot be avoided simply by devising a new name for an old institution:
 

 [T]he character or nature of ‘interest’ cannot be changed by calling it ‘damages,’ ‘loss,’ ‘earned increment,’ ‘just compensation,’ ‘discount,’ ‘offset,’ or ‘penalty,’ or any other term because it is still interest and the no-interest rule applies to it.
 

 Interest and a delay factor share an identical function. They are designed to compensate for the belated receipt of money. The no-interest rule has been applied to prevent parties from holding the United States liable on claims grounded on the belated receipt of funds, even when characterized as compensation for delay.
 

 Shaw,
 
 478 U.S. at 321-22, 106 S.Ct. at 2965-66 (quoting
 
 United States v. Mescalero Apache Tribe,
 
 518 F.2d 1309, 1322, 207 Ct.Cl. 369 (1975),
 
 cert. denied, 425
 
 U.S. 911, 96 S.Ct. 1506, 47 L.Ed.2d 761 (1976)). Al
 
 *1551
 
 though the plaintiffs’ claims sought “liquidated damages” in order to fit within the FLSA’s terms, the Claims Court found that they actually seek interest or delay damages. The FLSA does not waive immunity for suits against the Government for interest. Whether labelled liquidated damages for delay, delay damages, or interest, plaintiffs have no statutory basis for recovery.
 

 Having correctly detected no material factual disputes, the Claims Court granted summary judgment according to law. The Claims Court’s decision is therefore AFFIRMED.
 

 CONCLUSION
 

 [1]
 

 . Section 255 states:
 

 Any action commenced on or after May 14, 1947, to enforce any cause of action for ... unpaid overtime compensation, or liquidated damages, under the Fair Labor Standards Act of 1938, as amended ...
 

 (a) [M]ay be commenced within two years after the cause of action accrued, and every such action shall be forever barred unless commenced within two years after the cause of action accrued, except that a cause of action arising out of a willful violation may be commenced within three years after the cause of action accrued____
 

 [2]
 

 . Section 216(b) states:
 

 Any employer who violates the provision of section 206 or 207 of this title [the minimum wage and maximum hour sections] shall be liable to the employee or employees affected in the amount of their unpaid minimum wages, or their unpaid overtime compensation, as the case may be, and in an additional equal amount as liquidated damages.
 

 [3]
 

 . Section 260 states in pertinent part:
 

 [i]f the employer shows to the satisfaction of the court that the act or omission giving rise to such action was in good faith and that he had reasonable grounds for believing that his act or omission was not a violation of the Fair Labor Standards Act of 1938, as amended, the court may, in its sound discretion, award no liquidated damages or award any amount thereof not to exceed the amount specified in section 216 of this title.