# United States Court of Appeals
**FOR THE DISTRICT OF COLUMBIA CIRCUIT**

Argued September 17, 2010　　　Decided February 11, 2011

No. 09-7133

PABLO FIGUEROA, ET AL.,
APPELLANTS

v.

DISTRICT OF COLUMBIA METROPOLITAN POLICE
DEPARTMENT,
APPELLEE

Appeal from the United States District Court
for the District of Columbia
(No. 1:07-cv-01992)

*John V. Berry* argued the cause for appellants. With him on the briefs was *Stephanie E. Hosea*.

*James C. McKay, Jr.*, Senior Assistant Attorney General, Attorney General's Office for the District of Columbia, argued the cause for appellee. With him on the brief were *Peter J. Nickles*, Attorney General, *Todd S. Kim*, Solicitor General, and *Donna M. Murasky*, Deputy Solicitor General. *Mary L. Wilson*, Assistant Attorney General, entered an appearance.

Before: GINSBURG, ROGERS, and GARLAND, *Circuit Judges*.

2

Opinion for the Court filed by *Circuit Judge* GARLAND.

GARLAND, *Circuit Judge*:  Officers of the District of Columbia Metropolitan Police Department (MPD) sued their employer under the Fair Labor Standards Act (FLSA), alleging that MPD had failed to calculate their overtime based on enhanced pay owed to detective sergeants under the District of Columbia Code.  The district court dismissed the officers' claims as barred by the statute of limitations.  Although we agree that some of the officers' claims are untimely, we do not agree that all of their claims are barred.  Because a new cause of action accrues each time MPD issues a deficient paycheck, claims based on paychecks falling within the limitations period are timely.

I

The District of Columbia Code provides that "[e]ach officer or member [of the MPD] who is promoted . . . to the rank of detective sergeant shall receive, in addition to his scheduled rate of basic compensation, $595 per annum . . . so long as he remains in such assignment."  D.C. CODE § 5-543.02(c).  On December 12, 2003, three of the four plaintiffs in this case filed a grievance through their union, alleging that they had fulfilled the duties of detective sergeant but had not received the additional $595 per year stipend.  In a December 29, 2003 letter, the Chief of Police denied the grievance, stating that the Department had not utilized the position of detective sergeant for more than two decades.

In accordance with its collective bargaining agreement, the officers' union then sought a ruling on the issue from an arbitrator.  The arbitrator found that the D.C. Code provision applied to the officers because they had performed the functions of detective sergeant.  He rejected MPD's argument that the

grievance was untimely, concluding that the officers had not previously "discovered" the D.C. Code provision, and, moreover, that their claim was for "an on-going and continuing violation." Arbitrator's Opinion at 6 (June 11, 2004) (J.A. 106). He then awarded the officers "the Status of Detective Sergeant" and back pay of $595 per year. *Id.* at 8 (J.A. 108). On September 30, 2005, the District of Columbia's Public Employee Relations Board (PERB) denied MPD's request to set aside the arbitrator's award. PERB Decision at 2-4 (J.A. 96-98).

Following the PERB's ruling, MPD took steps to compensate retroactively those officers who had served as detective sergeants. In 2007, it amended the personnel forms of three of the plaintiffs to show that they had served and continued to serve as detective sergeants, and it gave them lump sum payments of $595 per year for every year they were assigned to the position. The Department did not, however, recalculate the officers' overtime based on the $595 stipend. At the time this lawsuit was filed, the fourth plaintiff had neither been reclassified as a detective sergeant nor awarded back pay.

On November 5, 2007, the officers filed a complaint against MPD in United States District Court, alleging violations of the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq.* The complaint alleged three violations: (1) willful failure to pay minimum wages, in violation of § 206(b); (2) untimely payment of wages, in violation of § 206(b); and (3) willful failure to pay overtime, in violation of § 207(a). The officers also alleged that the Department violated the detective sergeant provision of D.C. Code § 5-543.02(c). The district court found the D.C. Code claim barred by res judicata on the ground that the arbitration proceeding constituted a final judgment on the merits, and it found the FLSA claims barred by the statute of limitations. It therefore entered summary judgment in favor of MPD.

4

*Figueroa v. D.C. Metro. Police Dep't*, 658 F. Supp. 2d 148, 152, 154 (D.D.C. 2009). This appeal followed.

II

We review the district court's grant of summary judgment de novo. *Montgomery v. Chao*, 546 F.3d 703, 706 (D.C. Cir. 2008). Summary judgment is appropriate only if "there is no genuine issue as to any material fact and . . . the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a); *see Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247-48 (1986). "We must view the evidence in the light most favorable to the nonmoving party, draw all reasonable inferences in his favor, and eschew making credibility determinations or weighing the evidence." *Montgomery*, 546 F.3d at 706.

On appeal, the officers challenge only one aspect of the district court's decision: its conclusion that their FLSA overtime claims are time-barred. The overtime claims are based on 29 U.S.C. § 207(a), which provides that "no employer shall employ any of his employees . . . for a workweek longer than forty hours unless such employee receives compensation for his employment in excess of the hours above specified at a rate of not less than one and one-half times the regular rate at which he is employed." The officers charge that, in calculating their overtime compensation, MPD failed to include within the "regular rate" the $595 stipend for detective sergeants required by D.C. Code § 5-543.02(c). Because the district court found the officers' complaint barred by the FLSA's statute of limitations, it did not address the merits of their argument. *See Figueroa*, 658 F. Supp. 2d at 154-55.

The FLSA provides affected employees with a cause of action to recover for violation of its overtime provision, *see* 29 U.S.C. § 216(b), and its statute of limitations provides that any

action to collect unpaid overtime "shall be forever barred unless commenced within two years after the cause of action accrued, except that a cause of action arising out of a willful violation may be commenced within three years after the cause of action accrued," 29 U.S.C. § 255(a). MPD maintains that the appellants' FLSA claims are time-barred because they accrued more than three years before this lawsuit was filed -- the first time the officers improperly failed to receive the compensation of a detective sergeant, a position MPD eliminated more than twenty years ago. The appellants counter that their claims did not accrue that early because MPD misrepresented the existence of the position and they did not know of their rights under the D.C. Code.

Whatever the validity of the plaintiffs' contention regarding their knowledge prior to December 12, 2003, it is clear that they knew of their claims as of that date -- because on that date they filed their grievance for non-payment under § 5-543.02(c). *See Figueroa*, 658 F. Supp. 2d at 154-55 & n.9. Had the officers filed their lawsuit within three years of December 12, 2003, they might have been able to assert earlier claims. But they did not. Instead, they filed almost four years later, on November 5, 2007. As a consequence, they may not now recover for non-willful violations that occurred more than two years or for willful violations that occurred more than three years before they filed their complaint. That is, they may not now recover for violations that occurred before November 5, 2004.[1]

---

[1]Because the parties have not addressed the question, we use November 5 as the dividing line for purposes of discussion without deciding whether the statutory phrase "*within* three years *after* the cause of action accrued" might instead require selection of November 4 or 6. *See* 29 U.S.C. § 255(a) (emphasis added). The precise date is an issue to be decided on remand.

The appellants contend that they are not barred from asserting claims arising before November 5, 2004 because they were unable to bring *any* claims until the PERB affirmed the arbitrator's decision. In their view, the PERB's determination that they had a right to the $595 yearly stipend was a "condition precedent" to their FLSA suit. Appellants' Br. 20. And because the PERB did not make that determination until September 2005, they maintain that their November 2007 complaint was timely as to all willful violations.

But as the district court held and the appellants conceded at oral argument, there is nothing in the FLSA that requires a claimant to obtain a favorable administrative decision before he or she can sue in federal court. *See Figueroa*, 658 F. Supp. 2d at 154, 155 n.9; Oral. Arg. Recording at 8:30-9:04. The Federal Circuit's decision in *Cook v. United States*, 855 F.2d 848 (Fed. Cir. 1988), upon which the appellants rely by analogy, does not assist them. In that case, an amendment to the FLSA made "the right of firefighters to statutory overtime depend[] on a condition precedent, the performance of . . . [a] study" by the Secretary of Labor. *Id.* at 851. Accordingly, the court held that the plaintiff firefighters' cause of action did not accrue until that condition was fulfilled. *Id.* The FLSA provision at issue here, by contrast, contains no such precondition.[2] Hence, nothing relieves the appellants of the bar against bringing claims that arose before November 5, 2004.[3]

---

[2]Indeed, *Cook* noted that the rule in the firefighters' case was "contrary to the usual rule, i.e., that a claim for unpaid overtime under the FLSA accrues at the end of each pay period when it is not paid." *Cook*, 855 F.2d at 851.

[3]On appeal, the officers argue that they are entitled to relief from the statute of limitations based on the doctrines of equitable estoppel and equitable tolling. As the officers acknowledge, they did not assert

This analysis does not, however, preclude the appellants from bringing FLSA claims that arose *after* November 5, 2004. In dismissing the officers' complaint outright, the district court implicitly concluded that they have no such claims. The officers disagree, arguing that "[e]ach time Appellants received a paycheck without proper overtime compensation, a new cause of action accrued under the FLSA." Appellants' Br. 22. Thus, claims arising from paydays after November 5, 2004 are not barred.

MPD contends that the officers forfeited any such claims by failing to assert them in the district court. We disagree. Because the officers sought unpaid overtime for their entire tenure as detective sergeants, their claims necessarily included a request for unpaid overtime during the three years before their suit was filed. The complaint charged that MPD was "required to pay individual plaintiffs time-and-one-half compensation for *all* overtime hours worked in excess of 40 hours per week depending on their individual periods of time worked as detective sergeant," Compl. ¶ 61 (emphasis added), and their affidavits alleged that they served as detective sergeants well into the statute of limitations period, *see* J.A. 143, 147, 158, 162. Indeed, the officers sought damages in "a sum equivalent to and in addition to their compensation which was not paid . . . *for the several years preceding this suit until the conclusion of the current action* as required by statute." Compl. ¶ 68 (emphasis added). And their opposition to summary judgment argued that "[w]ages are 'unpaid' when they are not paid on the ordinary

those doctrines in the district court. Oral Arg. Recording at 11:59-12:11. Ordinarily, we do not consider arguments raised for the first time on appeal, and appellants present no extraordinary circumstances to explain their failure to raise these arguments in district court. *See District of Columbia v. Air Florida, Inc.*, 750 F.2d 1077, 1084-85 (D.C. Cir. 1984).

payday," Opp'n to Summary Judgment Mot. at 23, citing *Biggs v. Wilson*, which recognized that "FLSA claims are continuing claims and a separate cause of action 'accrues' every payday that overtime is not paid," 1 F.3d 1537, 1540 (9th Cir. 1993) (citing *Beebe v. United States*, 640 F.2d 1283, 1293 (Ct. Cl. 1981)). We therefore reject MPD's contention that the officers forfeited this argument.

MPD also disputes the officers' "each paycheck" argument on the merits, contending that their cause of action could have arisen no later than December 29, 2003, when the Chief of Police denied their grievance and declared that the position of detective sergeant did not exist. Appellee's Br. 27. MPD insists that, although the Chief's declaration may have affected future paychecks, such effects do not give rise to new causes of action.

It is true that in *Ledbetter v. Goodyear Tire & Rubber Co.*, the Supreme Court held that, when the only act of intentional discrimination in a Title VII case takes place outside the statute of limitations, the fact that the act has adverse effects on subsequent paychecks does not mean that a new violation occurs with each new paycheck. 550 U.S. 618, 624-25, 628 (2007).[4] A suit charging disparate treatment under Title VII, the Court

---

[4]After the Supreme Court issued its decision in *Ledbetter*, Congress amended Title VII as follows: "For purposes of this section, an unlawful employment practice occurs, with respect to discrimination in compensation in violation of this subchapter, when a discriminatory compensation decision or other practice is adopted, when an individual becomes subject to a discriminatory compensation decision or other practice, or when an individual is affected by application of a discriminatory compensation decision or other practice, including each time wages, benefits, or other compensation is paid, resulting in whole or in part from such a decision or other practice." *See* Lilly Ledbetter Fair Pay Act of 2009, Pub. L. No. 111-2, 123 Stat. 5 (codified at 42 U.S.C. § 2000e-5(e)(3)(A)).

said, is timely only if the intentionally discriminatory conduct occurred within the limitations period.  *Id.* at 628.[5]  But the *Ledbetter* Court did not disagree that -- unlike for some violations of Title VII -- "it is 'well established that the statute of limitations for violations of the . . . overtime provisions of the [FLSA] runs anew with each paycheck.'"  550 U.S. at 641 (quoting Pet. Br. at 35).  And that is certainly an accurate description of the caselaw.  *See, e.g.*, *Knight v. City of Columbus*, 19 F.3d 579, 581 (11th Cir. 1994); *Biggs*, 1 F.3d at 1540; *Cook*, 855 F.2d at 851; *Halferty v. Pulse Drug Co.*, 821 F.2d 261, 271 (5th Cir. 1987); *Mid-Continent Petroleum Corp. v. Keen*, 157 F.2d 310, 316 (8th Cir. 1946); *Beebe*, 640 F.2d at 1293; *see also* THE FAIR LABOR STANDARDS ACT §18.VI.B.6, at 1210-12 (Ellen C. Kearns ed., 1990) ("[A] new separate cause of action accrues . . . on the payday for each workweek in which the employee has worked and has not been paid . . . overtime compensation.").

As the *Ledbetter* Court explained, the distinction between a Title VII disparate-treatment claim and an FLSA overtime claim is "the fact that an FLSA . . . claim does not require proof of specific intent to discriminate."  550 U.S. at 641; *cf. Lewis v. Chicago*, 130 S. Ct. 2191, 2199-200 (2010) (distinguishing between Title VII disparate-treatment and disparate-impact claims on the same ground).  Rather, "an employee has carried out his burden [in an FLSA action] if he proves that he has in fact performed work for which he was improperly

---

[5]*See Ledbetter*, 550 U.S. at 624 (indicating that the petitioner's complaint would have been timely if the employer had "acted with actual discriminatory intent . . . when [it] issued her checks during the [limitations] period"); *see also Lewis v. Chicago*, 130 S. Ct. 2191, 2199 (2010) (explaining that *Ledbetter* "establish[es] only that a Title VII plaintiff must show a 'present violation' within the limitations period").

compensated." *Anderson v. Mt. Clemens Pottery Co.*, 328 U.S. 680, 687 (1946).[6]  Each of those elements, performance and improper compensation, recurs with each pay period.[7]

Accordingly, although the officers refer to their "each paycheck" theory as one involving "continuing claims," that term "is something of a misnomer." *Knight*, 19 F.3d at 582.  In fact, the gravamen of this theory is not that there has been one continuing violation of the FLSA, but rather that there have been "a series of repeated violations of an identical nature." *Id.*  And "[b]ecause each violation gives rise to a new cause of action, each failure to pay overtime begins a new statute of limitations period as to that particular event." *Id.*; *see id.* at 581 (rejecting city's argument that, because it adopted its personnel classification system more than three years before the plaintiffs brought suit, they had forever lost the right to challenge the failure to include overtime payments in their paychecks).  The underpayment is not the "effect" of a prior violation; it is the violation itself.

---

[6]*See* 29 U.S.C. § 207(a)(1) (providing that "no employer shall employ any of his employees . . . for a workweek longer than forty hours unless such employee receives compensation for his employment . . . at a rate not less than one and one-half times the regular rate at which he is employed"); *id.* § 216(b) (providing that "[a]ny employer who violates the provisions of . . . section 207 . . . shall be liable to the employee or employees affected," and further providing that such employees may bring "[a]n action to recover the liability prescribed . . . in any Federal or State court of competent jurisdiction").

[7]*Cf. Biggs*, 1 F.3d at 1539 (holding that the time when the minimum wage provision of the FLSA is "violated, or, put another way, when minimum wages become 'unpaid,'" is "when they are not paid at the time work has been done, the minimum wage is due, and wages are ordinarily paid -- on payday").

*Alldread v. City of Grenada*, 988 F.2d 1425 (5th Cir. 1993), cited by MPD, is not to the contrary. In that case, the plaintiff firefighters alleged that the city had violated the FLSA's overtime provision by refusing to pay them for "sleep time." *Id.* at 1427. Under the Labor Department's FLSA regulations, a municipality may exclude sleep time "'if there is an expressed or implied *agreement* between the employer and the employees'" to that effect. *Id.* at 1428 (quoting 29 C.F.R. § 553.222(c)) (emphasis added). In *Alldread*, there was such an agreement, but the plaintiffs claimed that the city had unlawfully coerced them into signing it. *Id.* at 1429. Because the "alleged act of coercion [was] the event giving rise to appellants' complaint and [was] patently a single violation of the FLSA," and because that act took place outside the statute of limitations, the court found the plaintiffs' suit time-barred. *Id.* at 1432.

Here, by contrast, the Chief's 2003 declaration that the position of detective sergeant no longer existed is not what gives rise to the officers' FLSA claims. If the officers have meritorious claims, it is because they worked more than forty hours in particular weeks, and because MPD failed to take the $595 stipend into account when it paid them overtime for those weeks. Thus, their complaint is based not on "a single violation [of the FLSA] that occurred outside the statute of limitations," *Alldread*, 988 F.2d at 1430 (internal quotation marks omitted), but on repeated violations, some of which fall within the limitations period.

In sum, the appellants may recover if their paychecks failed to include properly calculated overtime compensation during the two or three years before they filed their complaint -- depending upon which limitations provision is applicable. As the district court did not determine the merits of the officers' claims, or which limitations period applies, we remand the case for further proceedings consistent with this opinion.

## III

For the forgoing reasons, we reverse the district court's entry of summary judgment against the appellants with respect to overtime claims accruing after November 5, 2004. *See supra* note 1. With respect to the appellants' other claims, the judgment is affirmed.

*Reversed in part and remanded.*